**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Douglas Jay SAUL, Defendant and Appellant.**

Cr. No. 880157.

Supreme Court of North Dakota.

Jan. 9, 1989.

John Tainter Goff, Asst. State's Atty., Fargo, for plaintiff and appellee. Submitted on briefs.

William Kirschner, of William Kirschner & Associates, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Douglas Jay Saul appealed from a judgment of conviction entered upon a jury verdict finding him guilty of driving or being in actual physical control of a motor vehicle while under the influence of intoxi-

cating liquor in violation of Section 39–08–01, N.D.C.C., a class A misdemeanor. We reverse and remand.

Shortly after 1:00 a.m. on January 24, 1988, Deputy DeWayne Nitschke of the Cass County Sheriff's Office responded to a call that a vehicle was stuck in a ditch in Highland Park three miles north of Fargo. When Deputy Nitschke arrived at the scene, he found a white station wagon stuck in a ditch. Deputy Nitschke observed that Saul was seated behind the steering wheel of the car and that the transmission was engaged and the wheels were spinning. Deputy Nitschke detected the odor of alcohol on Saul and noticed that his speech was slurred. Saul failed a field sobriety test, and Deputy Nitschke placed him under arrest at about 1:50 a.m. and transported him to the Cass County jail where an Intoxilyzer test was administered at 2:26 a.m. The results of that test indicated that Saul had a blood-alcohol content of .18.

Saul was charged with driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor in violation of Section 39–08–01. The complaint alleged that, within the past seven years, Saul had three prior convictions for violating Section 39–08–01, and charged him with a class A misdemeanor.[1] The jury returned a guilty verdict.

Saul contends that the trial court erred in allowing the jury to hear evidence of his three prior convictions for violating Section 39–08–01. Prior to trial Saul stipulated that he had three prior convictions and sought to suppress evidence of those convictions. The trial court denied Saul's motion, relying on *State v. Edinger*, 331 N.W.2d 553 (N.D.1983), and gave a cautionary instruction.[2]

---

1. Section 39–08–01, N.D.C.C., provides in relevant part:

"2. A person violating this section or equivalent ordinance is guilty of a class B misdemeanor for the first or second conviction in a five-year period, and of a class A misdemeanor for a later conviction in a five-year period. Notwithstanding the other provisions of this subsection, a person violating this section or equivalent ordinance is guilty of a class A

misdemeanor for the fourth or subsequent conviction in a seven-year period."

2. The trial court's cautionary instruction provided:

"You are further instructed that if you do find that the Defendant was previously convicted of driving while under the influence of alcohol, or being in actual physical control of a motor vehicle while under the influence of

Saul argues that *Edinger* is distinguishable because the issue in that case was whether or not a prior conviction was an essential element of the crime charged, whereas in this case he stipulated to the prior convictions to remove that element of the charge from the jury and avoid any danger of unfair prejudice. The State responds that the three prior convictions are an essential element of the class A misdemeanor charge and therefore must be pleaded and proved. The State asserts that the trial court's cautionary instruction was more than sufficient to protect Saul against unfair prejudice.

In *State v. Edinger, supra,* the court held that because a defendant has the right to be informed of the exact nature of the charge against him, a defendant's prior conviction should be alleged in the criminal complaint as an element of the offense if the State seeks enhancement from a class B to a class A misdemeanor under Section 39–08–01.[3] The court further held that, under the circumstances of that case, the submission to the jury of evidence of the defendant's prior conviction was not prejudicial. However, in *Edinger* the defendant did not attempt to stipulate to the prior conviction in order to remove the issue from the jury and avoid any danger of undue prejudice.

In *State v. Gahner,* 413 N.W.2d 359 (N.D.1987), we held that the failure to either charge a class A misdemeanor or to allege prior convictions in a complaint precluded sentencing the defendant for a class A misdemeanor as a third-time offender. Although *Gahner* did not involve the same issue as this case, we said:

> "Charging the more serious offense, without stating the prior convictions, may be the more desirable alternative. It can avoid the prejudicial effect that proof of prior convictions may exert on a jury. We were told at oral argument

that, for this reason, some trial courts insist prior convictions not be mentioned until sentencing. This coincides with the policy underlying NDREv 609, limiting evidentiary use of prior convictions. This evidentiary rule arose from concern about undue impact upon a jury of evidence of prior crimes. *See also* NDREv 404(b). A Congressional Judiciary Committee report on the Federal Rules of Evidence, from which our rule was drawn, said: '[T]he danger of unfair prejudice is far greater when the accused, as opposed to other witnesses, testifies, because the jury may be prejudiced not merely on the question of credibility but also on the ultimate question of guilt or innocence.'

> "While *Edinger* held that evidence about that defendant's prior DUI convictions was not prejudicial, that will not be true in all cases. As Weinstein says, '[T]he accused with a record risks ... that the jury will assume that he committed the charged crime if his prior conviction was for a similar offense.' (3 Weinstein's Evidence 609–60 through 61 [1987] ). This risk can be removed by omitting reference to prior convictions in the complaint. Stating the more serious charge in the complaint, without setting out the prior convictions, can easily and fairly give notice as well as avoid prejudice. Charging the more serious misdemeanor communicates notice of the State's intention to use the prior convictions." *State v. Gahner, supra,* 413 N.W.2d at 362–363. [Footnotes omitted.]

The prejudicial dangers underscored in *Gahner* are amplified in this case because Saul stipulated to the prior convictions to remove that element from the jury, and essentially defended on two theories: (1) he was not driving or in actual physical control of a motor vehicle while under the influence of intoxicating liquor because his

---

alcohol, nevertheless you may not use the fact that the Defendant was so convicted in determining the guilt or innocence of the Defendant on the present charge."

**3.** The special concurrence in *State v. Edinger,* 331 N.W.2d 553, 556 (N.D.1983), (VandeWalle, J.), although agreeing that it was not error to

allege the prior convictions in the complaint, did not agree that it would necessarily be error *not* to include allegations of the prior convictions in an information or complaint. This concept was further developed in *State v. Gahner,* 413 N.W.2d 359 (N.D.1987).

motor vehicle was inoperable, and (2) he was not under the influence of intoxicating liquor when the car became stuck.

In support of his second defense, Saul presented evidence that he drank only after he got the car stuck. If Saul had defended solely on the technical ground that he was not driving or in actual physical control of a motor vehicle because the car was inoperable, the introduction into evidence of the prior convictions may not have been prejudicial. However, Saul's second defense directly raised whether he was under the influence of intoxicating liquor when he drove the car into the ditch and it became stuck. We are unable to determine whether the jury found that Saul was driving while under the influence before the car became stuck or that he was in actual physical control while under the influence after that occurrence; however, the risk is considerable that the jury may have improperly used Saul's prior convictions to find him guilty of driving while under the influence in this case. See *State v. Berkelman*, 355 N.W.2d 394 (Minn.1984). The prejudicial effect of that use of the prior convictions is recognized in Rules 404(b) and 609(a), N.D.R.Ev., which generally preclude the admission of evidence of other crimes to prove the character of a person in order to show that he acted in conformity therewith. See *State v. Stevens*, 238 N.W. 2d 251 (N.D.1975).

■ We also recognize the general rule that the prosecution is not bound by a defendant's offer to stipulate. See *United States v. Peltier*, 585 F.2d 314 (8th Cir. 1978), *cert. denied*, 440 U.S. 945, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979). However, that general rule is subject to the weighing that trial courts must follow in deciding whether to admit relevant evidence that carries with it the danger of unfair prejudice under Rule 403, N:D.R.Ev. When a defendant stipulates to the prior convictions, as in this case, he effectively removes that element of the crime from the charge, and we do not see any reason why evidence of the prior convictions should be submitted to the jury unless they are relevant to some disputed issue under Rule 404(b), N.D.R.Ev.

See *State v. Berkelman, supra.* The cautionary instruction (see fn. 2) highlights that there is no reason for evidence of the prior convictions to be submitted to a jury when the defendant stipulates to them. The cautionary instruction may be a proper counter-balancing factor to the prejudice resulting from introduction of the prior convictions in the weighing in which the trial court must engage under Rule 403, N.D.R.Ev., and in those instances in which the prior convictions are contested or the defendant has not stipulated to them, but there is no purpose in risking reliance on the cautionary instruction to alleviate the prejudicial effect of the prior convictions when the defendant has stipulated to them.

Although the prior convictions may be an element of the class A misdemeanor offense, they are not an element of the offense of driving while under the influence or the offense of driving while intoxicated. If the defendant contests the prior convictions, for the purpose of disproving the class A misdemeanor charge, introduction of the prior convictions is necessary. Where, as here, the defendant stipulates to the prior convictions, for the purpose of the class A misdemeanor charge and defends not as to the enhanced offense but only as to the basic charge of driving while under the influence or driving while intoxicated, there can be no proper purpose in introducing evidence of the prior convictions.

■ We hold that if the defendant stipulates to prior convictions when charged under the enhancement provisions of Section 39–08–01, the submission of evidence of the defendant's prior convictions to a jury constitutes prejudicial and reversible error. We therefore conclude that the trial court erred in allowing the admission of Saul's prior convictions into evidence, and we reverse the judgment of conviction and remand for a new trial.

Saul also contends that the trial court erred in instructing the jury on actual physical control because the instructions were confusing and contradictory. Because that issue may arise on remand, we

will consider it now.[4]

It is well settled that jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury. E.g., *State v. Marinucci,* 321 N.W.2d 462 (N.D.1982); *State v. Tipler,* 316 N.W.2d 97 (N.D.1982). Jury instructions must be considered as a whole, and if when so considered they correctly advise the jury as to the law, they are sufficient, although part of the instructions, standing alone, may be insufficient or erroneous. E.g., *State v. Granrud,* 301 N.W.2d 398 (N.D.1981), *cert. denied,* 454 U.S. 825, 102 S.Ct. 113, 70 L.Ed.2d 98 (1981). Jury instructions are an explanation and application of the law as it relates to the evidence presented; however, if no evidence is presented regarding the application of a principle of law, an instruction regarding that principle is not necessary. *State v. Schimetz,* 328 N.W.2d 808 (N.D. 1982).

In this case the trial court instructed the jury on actual physical control:

"A person driving or in actual physical control of a motor vehicle which was found 'high-centered,' may be properly convicted under Section 39–08–01 of the North Dakota Century Code even though at the time the vehicle was incapable of movement.

"Ordinarily, a car must be operable to find that a person operated it. The Merriam–Webster Dictionary defines 'operable' as 'fit, possible, or desirable to use.'

"A person is 'in actual physical control' of a vehicle within the meaning of these instructions when the vehicle is operable and he is in position to manipulate one or more of the controls of the vehicle that causes it to move or affects its movements in some manner or direction."

In *State v. Schuler,* 243 N.W.2d 367 (N.D.1976), we concluded that there was sufficient evidence that the defendant was in actual physical control of a motor vehicle where the motor vehicle was high-centered and could not be moved, the defendant was intoxicated and sitting behind the steering wheel, the keys were in the ignition and turned to the "on" position, and the transmission was in the drive position. Although the defendant in *Schuler* made a theoretical argument that a high-centered motor vehicle was not a motor vehicle as defined by statute because it could not be self-propelled, Saul's argument that he could not have control over a vehicle that was stuck and incapable of movement is for all practical purposes the same.

We have repeatedly recognized that the purpose of the actual-physical-control offense is to prevent an intoxicated person from getting behind the steering wheel of a motor vehicle because that person may set out on an inebriated journey at any moment and is a threat to the safety and welfare of the public. *State v. Schwalk,* 430 N.W.2d 317 (N.D.1988); *Buck v. North Dakota State Highway Commissioner,* 425 N.W.2d 370 (N.D.1988); *State v. Schuler, supra.* The trial court's "high-centered instruction" recognizes that purpose and correctly states the law applicable to the evidence presented.

Relying on *State v. Jensen,* 251 N.W.2d 182 (N.D.1977), Saul argues that the actual-physical-control instruction was confusing and contradictory because the "high-centered" instruction said that a person may be convicted of actual physical control even though, at the time, the vehicle was incapable of movement and the remaining instructions said that a person is in actual physical control of a vehicle when the vehicle is operable (fit, possible or desirable to use) and that person is able to manipulate the controls of the vehicle which causes it to move or affects its movements in some manner or direction. He asserts that those two situations are irreconcilable.

Saul's reliance on *State v. Jensen, supra,* is misplaced because the instructions in that case misstated the law, and in this case the high-centered instruction correctly stated the applicable law.

Moreover, we do not believe that the high-centered instruction and the remaining instructions on actual physical control are irreconcilable. The remaining instructions said that a person is in actual physical

---

**4.** During oral argument, Saul waived issues about whether there was probable cause to arrest him and whether he was improperly coerced into submitting to the Intoxilyzer test.

control of a vehicle when the vehicle was operable (fit, possible, or desirable to use) and the person is in a position to manipulate one or more of the controls that cause it to move or affect its movement in some manner of direction.

In this case the automobile was fit to use and there was no evidence that the controls of the vehicle were not in proper working order. Saul was found in the driver's seat with the ignition on and the tires spinning in an effort to extricate the car. The controls were thus in proper working order. Simply because an automobile is temporarily high-centered does not eliminate the possibility that it may soon be extricated and the driver may again set out on an inebriated journey, thus implicating the purpose of the actual-physical-control offense. See *State v. Schuler, supra.* That is particularly true in this case because Saul was attempting to extricate the car when Deputy Nitschke arrived, and there was also evidence that help was on the way to pull the car out of the ditch. Under these circumstances, the trial court's instructions correctly and adequately advised the jury of the applicable law and were not irreconcilable or confusing.

We reverse the judgment of conviction and remand for a new trial.

ERICKSTAD, C.J., and GIERKE, LEVINE and MESCHKE, JJ., concur.