**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Richard Steven THEUSCH, Defendant and Appellant.**

**Cr. No. 900142.**

Supreme Court of North Dakota.

Oct. 31, 1990.

Erik R. Johnson (argued), City Prosecutor, Fargo, for plaintiff and appellee.

Michael C. O'Neel (argued), Fargo, for defendant and appellant.

GIERKE, Justice.

Richard Theusch appeals from a judgment of conviction finding him guilty of being in actual physical control of a vehicle while under the influence of alcohol. We affirm.

■ On the evening of October 21, 1989, an employee of Hardee's Restaurant called the Fargo Police Department to report that a vehicle was blocking traffic in the back parking lot and that someone was passed out or sleeping in the vehicle. Two police officers responded to the call and found Richard Theusch sleeping on the right side of the bench seat of a pickup truck. After unsuccessfully attempting to wake Theusch by tapping on the window, the officers opened the passenger door, shook him and finally rubbed his chest or sternum to awaken him. Theusch smelled of alcohol, his speech was incoherent and slurred, and his walk was swayed. A set of keys were found in his right front coat pocket and one key fit the ignition. Theusch refused to perform any field sobriety tests or to take a blood test. Theusch was arrested for driving while under suspension and for being in actual physical control of a vehicle while under the influ-ence of alcohol. Theusch was convicted of both charges in city court on January 17, 1990 and he appealed to Cass County Court. The county court granted the city's motion to dismiss the charge of driving while under suspension at the conclusion of the trial. The court convicted Theusch of being in actual physical control of a vehicle while under the influence of alcohol. Theusch argues on appeal that a person asleep in a vehicle with the ignition keys in his coat pocket cannot be convicted of being in actual physical control of a vehicle. We recently rejected a similar argument in *Buck v. North Dakota State Highway Commissioner*, 425 N.W.2d 370 (N.D. 1988). Our opinion in *Buck* clearly points out that one may be in "actual physical control" of a vehicle under the statute even though he is asleep or unconscious when found by the officer.

■ The real purpose of the actual physical control statute is to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers. *State v. Ghylin*, 250 N.W.2d 252, 255 (N.D.1977). Theusch asserts that because the keys to the vehicle were in his coat pocket he could not possibly be in actual physical control of his vehicle.

■ Actual physical control of a vehicle does not solely depend on the location of the ignition key. The location of the key is one factor among others to consider. *Dufrane v. Commissioner of Public Safety*, 353 N.W.2d 705, 707 (Minn.App.1984). Here the defendant was found sleeping in his vehicle which was parked in a restaurant parking lot, the keys were within easy reach, and the officer saw indicia of intoxication when he awakened the defendant. "An intoxicated individual who gets into his vehicle to sleep poses a threat of immediate operation of the vehicle at any time while still intoxicated." *Buck v. North Dakota State Highway Commissioner*, 425 N.W.2d 370, 373 (N.D.1988). The purpose of the "actual physical control" offense is a preventive measure. *State v. Schuler*, 243 N.W.2d 367, 370 (N.D.1976). We have long construed the actual physical control stat-

ute to broadly prohibit any exercise of dominion or control over a vehicle by an intoxicated person. In *Schuler* we upheld a conviction of a defendant who was seated behind the wheel of her vehicle, which was partially in the ditch and "high-centered", apparently unable to move. A vehicle which is temporarily high-centered does not eliminate the possibility that it may soon be extricated and the driver may again set out on an inebriated journey. *See also, State v. Saul,* 434 N.W.2d 572 (N.D.1989). This same rationale is applicable here because the defendant could possibly wake up, find the keys in his pocket and set out on an inebriated journey at any moment.

We conclude that the trial court did not error in finding that Theusch was in actual physical control of his vehicle.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.