Anthony James **SALVAGGIO**, Petitioner and Appellant,

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

Civ. No. 910206.

Supreme Court of North Dakota.

Nov. 12, 1991.

---

R. Scott Stewart, Langdon, for petitioner and appellant.

Elaine Ayers, Asst. Atty. Gen., Bismarck, for respondent and appellee.

VANDE WALLE, Justice.

Anthony James Salvaggio appealed from a district court judgment affirming the administrative suspension of Salvaggio's motor vehicle operator's license. We affirm.

Dana King, North Dakota Highway Patrolman, was called early on January 10, 1991, to a rural intersection near Langdon, where a vehicle was reported to be "stuck in the ditch." When King arrived, he found a pickup nosed into the ditch. The engine was running and a man was asleep in the passenger side of the bench seat. Salvaggio was at the rear of the pickup attempting to put chains on the left rear tire.

King asked Salvaggio to join him in his vehicle in order to escape the frigid weather. King asked Salvaggio what happened. Salvaggio replied that he had been driving and had misjudged the corner while making a turn. Detecting the smell of alcohol on Salvaggio, King administered field-sobriety and on-site alcohol screening tests to Salvagio, who failed the tests. King arrested Salvaggio for being in actual physical con-

trol of a vehicle while under the influence of alcohol. A blood-alcohol test showed Salvaggio had a blood-alcohol concentration of 0.19% by weight.

The Director of the Department of Transportation began administrative proceedings to revoke Salvaggio's license. A hearing officer suspended Salvaggio's license after determining that: King had arrested Salvaggio upon reasonable grounds to believe that he was in actual physical control of a vehicle while under the influence of intoxicating liquor; Salvaggio had been fairly tested; and the results of the test showed Salvaggio had a blood-alcohol concentration in excess of the statutory limit, 0.10% by weight. NDCC § 39–08–01(1)(a).

Salvaggio appealed to the district court, which affirmed the administrative decision. This appeal followed.

■ Salvaggio's arguments in this appeal relate solely to the question of whether the arresting officer had reasonable grounds to believe Salvaggio was in actual physical control of a vehicle in violation of section 39–08–01, NDCC.

" 'Reasonable grounds' to believe an offense has been committed is synonymous with 'probable cause.' *Moser v. North Dakota State Highway Comm'r*, 369 N.W.2d 650 (N.D.1985). Probable cause exists when the facts and circumstances within a police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed. *Id.* at 652–53. *See also City of Langdon v. Delvo*, 390 N.W.2d 51 (N.D.1986)." *Wolf v. North Dakota Highway Comm'r*, 458 N.W.2d 327, 329 (N.D.1990).

■ Salvaggio contends that the fact King did not witness Salvaggio behind the wheel of the vehicle precludes, as a matter of law, a finding that King had reasonable grounds for making the arrest. "A driver has 'actual physical control' of his car when he has real (not hypothetical), bodily restraining or directing influence over, or domination and regulation of, its move-

ments of machinery." *State v. Ghylin*, 250 N.W.2d 252, 254 (N.D.1977) [*quoting Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375, 383 (1974)]. In *Ghylin*, the Court reviewed the conviction of a driver whom the arresting officer saw getting out of the driver's door of a stuck vehicle. The Court affirmed the conviction in spite of the defendant's argument the fact that the ignition was off and the transmission was not engaged negated the possibility that he was actually in physical control of the vehicle. Ghylin admitted driving into the ditch and attempting to get his vehicle out of the ditch. Both admissions indicated Ghylin's real directing influence, domination and regulation of the vehicle's movement. The Court did not distinguish between the defendant's admission that he was trying to remove the vehicle from the ditch and his admission that he had driven the vehicle into the ditch. In fact, Ghylin's testimony that he was attempting to free the vehicle when the officer arrived countered his argument that he had voluntarily ended his alcohol-impaired journey. A driver's attempts to free a vehicle can, therefore, evidence his control over the vehicle.

■ Salvaggio relies upon the decision in *Overbee v. Commonwealth*, 315 S.E.2d 242 (Va.1984), for the proposition that a driver must be in the vehicle in order to have the present ability to control the vehicle. In *Overbee*, the Virginia Supreme Court concluded that an intoxicated person found standing in front of a disabled vehicle with the ignition key in his possession was not in actual physical control of the vehicle. *Overbee* can be distinguished from the circumstances of Salvaggio's arrest because Overbee was not attempting to control or repair his vehicle when the officer arrived. Salvaggio, however, was seen by King attempting to put tire chains on a running vehicle and King heard him saying "[a]ll I got to do is get the chain on and I'll be able to get out." These circumstances demonstrate Salvaggio's attempt to free the vehicle from the ditch in order to continue his journey and are, therefore, evidence of his real control of the vehicle. In view of the purpose of the statute, *i.e.*, to keep im-

paired drivers from operating a vehicle on the highway, *Thornton v. North Dakota State Highway Comm'r*, 399 N.W.2d 861 (N.D.1987), this evidence is significant.

A similar conclusion was reached by the Vermont Supreme Court in *State v. Stevens*, 154 Vt. 614, 580 A.2d 493 (1990). An officer found a vehicle straddling a snowbank at the side of the road and observed the defendant kicking snow out from under the wheels of the car whose engine was running. These circumstances, the court said, supported a reasonable inference that the defendant had remained in physical control of the car after it was driven into the snowbank. The court, thus, affirmed Stevens' conviction for actual physical control.

Although it may be a fact that in many instances the person arrested will be found in the vehicle, we have not held prior hereto and we decline to hold, as a matter of law, that a person must be observed in a vehicle in order to be found in actual physical control of that vehicle. The question of Salvaggio's control of the vehicle was, therefore, one of fact.

When we examine findings of fact made by an administrative decision-maker, we look to see if they are supported by a preponderance of the evidence. NDCC § 28–32–19(5). In determining whether an agency's findings of fact are supported by a preponderance of the evidence, we do not make independent findings of fact or substitute our judgment for that of the administrative decision-maker, but determine only whether a reasoning mind reasonably could have determined that the factual conclusions were proved by the weight of the evidence. *Evans v. Backes*, 437 N.W.2d 848 (N.D.1989). Reviewing this record, we conclude that a reasoning mind reasonably could conclude that Salvaggio's attempt to place tire chains on a running vehicle and his statement were evidence of Salvaggio's control of the vehicle and that King, therefore, had reasonable grounds to believe Salvaggio was in actual physical control of a vehicle in violation of NDCC § 39–08–01.

The judgment of the district court is, accordingly, affirmed.

ERICKSTAD, C.J., and GIERKE, LEVINE and MESCHKE, JJ., concur.