1997 ND 73

**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Joseph Anthony NOVOTNY, Defendant and Appellant.**

**Criminal No. 960347.**

Supreme Court of North Dakota.

April 22, 1997.

Rehearing Denied March 13, 1997.

C. Charles Chinquist, Fargo, for defendant and appellant.

Stacey Tjon Aasland, Assistant City Prosecutor, Fargo, for plaintiff and appellee. Appearance by Garylle B. Stewart.

NEUMANN, Justice.

[¶ 1] Joseph Novotny appeals his conviction of actual physical control of a vehicle while under the influence of intoxicating liquor, arguing the trial court gave inadequate jury instructions. We affirm.

[¶ 2] On May 19, 1996, at 1:30 a.m., Fargo Police Officer Michael Mitchell approached a vehicle in the parking lot adjacent to Rick's Bar in Fargo. The car had been in the parking lot for over a half hour with the headlights on without the engine running. Officer Mitchell found Novotny asleep in the seat behind the steering wheel with his girlfriend sleeping beside him. Novotny's pants were unzipped, and the keys were in the ignition. Officer Mitchell smelled alcohol and charged Novotny with being in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

[¶ 3] A jury trial was held on September 19, 1996. The parties stipulated that Novotny was under the influence of alcohol. Novotny argued, however, he was not in actual physical control of the vehicle because he was a passenger in the car. Although he was sitting in the driver's seat, Novotny argued that he had never intended to drive, but rather had fallen asleep after he had engaged in oral sex with his girlfriend. As part of his defense, Novotny submitted evidence showing his girlfriend had rented the vehicle, and he was not authorized to drive it. Novotny requested the trial court include an additional jury instruction explaining that a passenger can be intoxicated in a vehicle without it constituting an actual physical control offense. The trial court refused. Novotny was convicted. Novotny moved for a new trial, arguing the court failed to advise the jury on the passenger's exception. The trial court denied the motion.

[¶ 4] Novotny appeals the conviction, arguing the court inadequately advised the jury as to the law and possible defenses. Novotny argues the purpose of the actual physical control statute is to "deter individuals who have been drinking intoxicating liquor from getting into their vehicles, *except as passengers*." *City of Fargo v. Theusch,* 462 N.W.2d 162, 163 (N.D.1990) (emphasis added). In addition to the general jury instruction covering the elements of actual physical control of a vehicle, Novotny argues the trial court should have instructed the jury that an intoxicated person's presence in a motor vehicle as a passenger does not constitute an offense.

[¶ 5] Section 39–08–01, N.D.C.C., makes it unlawful to be in actual physical control of a vehicle while under the influence

of intoxicating liquor. The purpose of the actual physical control offense is to prevent an intoxicated person from getting behind the steering wheel of a vehicle because that person is a threat to the safety and welfare of the public. *State v. Saul,* 434 N.W.2d 572, 576 (N.D.1989); *State v. Schwalk,* 430 N.W.2d 317, 319 (N.D.1988); *Buck v. North Dakota State Highway Commissioner,* 425 N.W.2d 370, 372 (N.D.1988); *State v. Schuler,* 243 N.W.2d 367, 370 (N.D.1976). The actual physical control statute is a preventive measure, enabling law enforcement to apprehend intoxicated drivers before they strike. *State v. Huber,* 555 N.W.2d 791, 795 (N.D. 1996); *Theusch,* 462 N.W.2d at 163; *Schwalk,* 430 N.W.2d at 319; *Buck,* 425 N.W.2d at 372; *Schuler,* 243 N.W.2d at 370.

[¶ 6] Intent to operate a motor vehicle is not an element of the offense of actual physical control. In *State v. Ghylin,* 250 N.W.2d 252, 255 (N.D.1977), we quoted from *Hughes v. State,* 535 P.2d 1023, 1024 (Okla. Crim.1975) and stated:

> "The defendant when arrested may have been exercising no conscious violation with regard to the vehicle, still there is a legitimate inference to be drawn that he placed himself behind the wheel of the vehicle and could have at any time started the automobile and driven away."

Since *Ghylin,* we have repeatedly determined the actual physical control offense proscribes intoxicated individuals from exercising any dominion over a vehicle, even if the individual is not driving and has no intent to drive, because the individual could set out on an inebriated journey at any moment. *See, e.g., Theusch,* 462 N.W.2d at 163–64 (affirming a conviction when the defendant was found intoxicated, sleeping on the right side of the bench of his pickup truck with the keys in his pocket); *Buck,* 425 N.W.2d at 373 (reinstating the State Highway Commissioner's decision to revoke a license under the actual physical control statute because the defendant was asleep behind the steering wheel, with the keys in the ignition); *Schwalk,* 430 N.W.2d at 319 (holding that the actual physical control statute proscribes an intoxicated person from sleeping behind the steering wheel in his car).

[¶ 7] The key factor in determining actual physical control is whether the defendant is able to manipulate the vehicle's controls:

> " 'A driver has "actual physical control" of his car when he has real (not hypothetical), bodily restraining or directing influence over, . . . its movements of machinery. . . .
>
> A driver may be in "actual physical control" of his car . . . "so long as the driver is keeping the car in restraint or in position to regulate its movements." ' " *Ghylin,* 250 N.W.2d at 254 (quoting *Commonwealth v. Kloch,* 230 Pa.Super. 563, 327 A.2d 375, 383 (1975)); *Schwalk,* 430 N.W.2d at 321.

[¶ 8] When Officer Mitchell approached the car, Novotny was sitting behind the steering wheel with his feet on the floor, arms at his side, head on the headrest, keys in the ignition, radio playing, and headlights turned on. He was clearly in a position to operate the vehicle.

[¶ 9] The court gave the jury an instruction stating:

> "A person is 'in actual physical control' of a motor vehicle when a vehicle is operable and a person is in a position to manipulate one or more of the controls of the vehicle that cause it to move or affects its movement in some manner or direction. Whether the Defendant was in actual physical control is a question of fact for you to decide."

[¶ 10] "Jury instructions are an explanation and application of the law as it relates to the evidence presented." *State v. Saul,* 434 N.W.2d at 576. Their purpose is to inform the jury of the applicable law. *State v. Huber,* 555 N.W.2d at 793. To determine whether a trial court commits error in its instructions to a jury, this court considers whether, as a whole, the instructions correctly and adequately advise the jury of the applicable law. *State v. Steinmetz,* 552 N.W.2d 358, 361 (N.D.1996).

[¶ 11] Under the facts of this case, the instructions were a correct statement of the law; additional instructions were not re-

quired. Even if Novotny did not intend to drive and only intended to be a passenger, the fact remains that he sat in the driver's seat intoxicated. At any moment, he could have woken and decided to drive the car. Because his position in the driver's seat made him capable of operating the vehicle, the law does not require us to consider whether he intended to be a passenger.

[¶ 12] The trial court adequately instructed the jury of the law under the facts of this case. Therefore, we affirm Novotny's conviction of actual physical control of a vehicle while under the influence of intoxicating liquor.

[¶ 13] VANDE WALLE, C.J., and MARING, MESCHKE, and SANDSTROM, JJ., concur.