2001 ND 180

**Mark CHADWICK, Petitioner and Appellant,**

v.

**North Dakota DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

No. 20010174.

Supreme Court of North Dakota.

Dec. 5, 2001.

Robert W. Martin, Bismarck, ND, for petitioner and appellant.

Reid A. Brady, Assistant Attorney General, Bismarck, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Mark Chadwick appeals from the judgment of the district court affirming a North Dakota Department of Transportation decision suspending his license for 365 days for being in actual physical control of a vehicle while under the influence of intoxicating liquor. A Jamestown police officer heard Chadwick arguing with his wife. Investigating further, the police officer found Chadwick in the driver's seat of an idling vehicle. Chadwick was turned with his feet out the door to converse with his wife. The officer detected the odor of alcohol and observed Chadwick's eyes were glossy and bloodshot. After failing field sobriety tests, Chadwick was arrested.

[¶ 2] Chadwick concedes he was intoxicated. He argues he was not in control of the vehicle. "The key factor in determining actual physical control is whether the defendant is able to manipulate the vehicle's controls." *City of Fargo v. Novotny*, 1997 ND 73, ¶ 7, 562 N.W.2d 95. In this case, Chadwick was found conscious in the driver's seat of his idling vehicle. The hearing officer's findings of fact that the arresting officer had reasonable grounds to arrest Chadwick for being in actual physical control of a vehicle while under the influence of intoxicating liquor is supported by a preponderance of the evidence, the conclusions of law are sustained by the findings of fact, and the decision to suspend Chadwick's license is in accordance with the law. We affirm.

[¶ 3] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DALE V. SANDSTROM, and WILLIAM A. NEUMANN, JJ., concur.