2007 ND 177

**Shyla SUSAN HAWES, Petitioner and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

**State of North Dakota, Plaintiff and Appellee**

v.

**Shyla Susan Hawes, Defendant and Appellant.**

Nos. 20070059, 20070060.

Supreme Court of North Dakota.

Nov. 14, 2007.

Alexander F. Reichert, Reichert Armstrong Law Office, Grand Forks, ND, for petitioner, defendant and appellant.

Andrew Moraghan (argued) and Michael Pitcher (appeared), Assistant Attorneys General, Office of Attorney General, Bismarck, ND, for respondent and appellee North Dakota Department of Transportation.

Arthur W. Stokes, State's Attorney, Wahpeton, ND, for plaintiff and appellee State of North Dakota. Submitted on brief.

VANDEWALLE, Chief Justice.

[¶ 1] Shyla Hawes appealed from a criminal judgment after a jury found her guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor and from a district court judgment affirming the suspension of her driving privileges by the Department of Transportation ("Department"). We conclude the district court's jury instruction was not reversible error, the prosecutor's closing argument was not obvious error and the Department's decision was supported by a preponderance of the evidence. We affirm.

[¶ 2] In August 2006, an officer found Hawes on an Interstate 29 exit ramp, passed out in the driver's seat of her vehicle with the keys in the ignition. A visibly intoxicated Hawes told the officer she was waiting for "OnStar" to bring her gas. She was arrested for being in actual physical control of a motor vehicle while under the influence of an intoxicating liquor. Hawes later claimed her car had run out of gas while a friend drove her home and she was waiting for her friend to return with gas when the officer found her. On September 21, 2006, the Department suspended Hawes' driver's license for ninety-one days. On February 14, 2007, Hawes was found guilty by a jury of being in actual physical control of a motor vehicle.

I. Criminal Appeal

A.

[¶ 3] Hawes argued the trial court's jury instruction on actual physical control was reversible error. The contested jury instruction from her trial read as follows:

A vehicle is operable if it was operable or could have been made operable while the person was still under the influence of intoxicating liquor or while the person would have had an alcohol concentration of at least .08% by weight at the time of the performance of a chemical test within two hours after being in actual physical control of the vehicle. This is a question of fact for you to decide.

[¶ 4] We review jury instructions to determine whether, as a whole, they fairly and adequately advised the jury of the applicable law. *Strand v. Cass County*, 2006 ND 190, ¶ 7, 721 N.W.2d 374. The district court is not required to instruct the jury in the exact language sought by a party so long as the instructions are not misleading or confusing but fairly advise the jury of the law on the essential issues of the case. *Id.* Jury instructions must be considered as a whole, and if when so considered they correctly advise the jury as to the law, they are sufficient, although part of the instructions, standing alone, may be insufficient or erroneous. *State v. Saul*, 434 N.W.2d 572, 576 (N.D.1989). When a trial court has chosen a specific instruction, a reviewing court should not be quick to second-guess its choice, if there is evidence or inferences from the evidence to support it. *Dale v. Cronquist*, 493 N.W.2d 667, 670 (N.D.1992). Only scant evidence may be needed to support a jury instruction. *Id.* "[W]here there is no evidence to support a particular theory, there should be no in-

struction on it; but if the evidence admits of more than one inference, an instruction is proper." *Id.* (citation omitted).

[¶ 5] The essential elements of actual physical control are: (1) the defendant is in actual physical control of a motor vehicle on a highway or upon public or private areas to which the public has a right of access; and (2) the defendant was under the influence of intoxicating liquor, drugs or other substances. *State v. Haverluk*, 2000 ND 178, ¶ 15, 617 N.W.2d 652. *See also* N.D.C.C. § 39-08-01(1). Hawes argues she had no intent to drive her vehicle and was waiting for her designated driver to return. But intent to operate a motor vehicle is not an element of the actual physical control offense. *City of Fargo v. Novotny*, 1997 ND 73, ¶ 6, 562 N.W.2d 95. Rather, we have repeatedly recognized the purpose of the actual physical control offense is to prevent an intoxicated person from getting behind the steering wheel of a vehicle because that person may set out on an inebriated journey at any moment, threatening the public's safety and welfare. *Saul*, 434 N.W.2d at 576.

[¶ 6] The primary factor in determining actual physical control is whether the defendant has the ability to manipulate the controls of the vehicle. *Rist v. N.D. Dept. of Trans.*, 2003 ND 113, ¶ 14, 665 N.W.2d 45. "A driver has 'actual physical control' of his car when he has real (not hypothetical), bodily restraining or directing influence over, or domination and regulation of, its movements of machinery." *State v. Ghylin*, 250 N.W.2d 252, 254 (N.D.1977) (quoting *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375, 383 (Pa.1975)). We have long construed the actual physical control statute to broadly prohibit any exercise of dominion or control over a vehicle by an intoxicated person. *City of Fargo v.*

*Theusch*, 462 N.W.2d 162, 163–64 (N.D. 1990) (upholding an actual physical control conviction where the defendant was found asleep in a vehicle in a parking lot with keys in his coat pocket). This Court has found a temporarily high-centered vehicle does not eliminate the possibility that it may soon be extricated and the driver may again set out on an inebriated journey. *State v. Schuler*, 243 N.W.2d 367, 370 (N.D.1976). *See also Ghylin*, 250 N.W.2d at 252 and *Saul*, 434 N.W.2d at 572. This same rationale is applicable here. The mere fact that Hawes' vehicle was out of gas does not eliminate the possibility that she might obtain gas from any number of sources, such as a passing motorist or "OnStar," allowing her to set out on an inebriated journey at any moment.

[¶ 7] The trial court adequately instructed the jury of the law under the facts of this case. The jury instruction was not confusing because it properly informed the jury that one question of fact for them to decide was whether Hawes' vehicle was operable, i.e. whether Hawes could have obtained gas while still under the influence of intoxicating liquor. This instruction may be problematic in a case where the question of fact regarding whether a vehicle could be made operable while the defendant is still intoxicated is more remote and difficult for the jury to ascertain. Therefore this jury instruction should not be used routinely without reference to the specific facts of a case. *See Cronquist*, 493 N.W.2d at 670.

### B.

[¶ 8] During his rebuttal closing argument, the prosecutor said, "Balderdash. Smoke and mirrors. That's what you got. Smoke and mirrors." "Balderdash" is defined as "nonsense." *Webster's New World Dictionary*, 106 (2d ed.1980). Hawes' counsel did not object at trial to

these comments but argued on appeal it was an obvious error affecting her substantial rights.

[¶ 9] "The control of closing arguments is largely within the discretion of the trial court, and we will not reverse on the ground that a prosecutor exceeded the scope of permissible closing argument unless a clear abuse of the trial court's discretion is shown." *State v. Ash*, 526 N.W.2d 473, 481 (N.D.1995). To establish a trial court's abuse of discretion, a defendant must show the argument was improper and prejudicial. *State v. Schimmel*, 409 N.W.2d 335, 342 (N.D.1987). "To be prejudicial, absent a fundamental error, improper closing argument by the state's attorney must have stepped beyond the bounds of any fair and reasonable criticism of the evidence, or any fair and reasonable argument based upon any theory of the case that has support in the evidence." *Id.*

[¶ 10] When there has been no objection to a prosecutor's argument, we do not reverse unless it was an obvious error affecting a defendant's substantial rights. *State v. Evans*, 1999 ND 70, ¶ 9, 593 N.W.2d 336. We may notice a claimed error not brought to the district court's attention if there was an error that is plain and affects substantial rights. *State v. Schmidkunz*, 2006 ND 192, ¶ 6, 721 N.W.2d 387. We exercise our authority to notice obvious error cautiously and only in exceptional circumstances where the defendant has suffered serious injustice. *Id.* In deciding if there is obvious error, we consider the probable effect of the prosecutor's improper comments on the jury's ability to judge the evidence fairly. *Evans*, at ¶ 9. The error should be corrected where it seriously affects the fairness, integrity or public reputation of judicial proceedings. *State v. Hernandez*, 2005 ND 214, ¶ 15, 707 N.W.2d 449.

[¶ 11] We do not countenance the prosecutor's comments in this case. However, no objection was made at the time of trial and Hawes' counsel concedes he did not understand the meaning of the prosecutor's comments until he later researched the term "balderdash." With this in mind, we will not assume the jury knew the meaning of the term nor will we assume the comments influenced the jury's ability to judge the evidence fairly.

## II. Civil Appeal

[¶ 12] The Department's hearing officer concluded the police officer had reasonable grounds to believe Hawes was driving or was in actual physical control of a vehicle while under the influence of intoxicating liquor. Hawes argued the conclusion that she was driving while intoxicated was not supported by a preponderance of the evidence. The Department conceded the hearing officer made no finding of fact regarding when Hawes' vehicle ran out of gas so it could not suspend Hawes' driving privileges due to driving while under the influence. Hawes also argued the Department's conclusion that she was in actual physical control of her vehicle was not in accordance with the law because Hawes' vehicle was inoperable because it had run out of gas.

[¶ 13] The Administrative Agencies Practice Act governs review of an administrative agency decision to revoke a driver's license. *Obrigewitch v. Director, N.D. Dept. of Transp.*, 2002 ND 177, ¶ 7, 653 N.W.2d 73. We review the agency's findings and decisions, and not those of the district court, though the district court's analysis is entitled to respect if its reasoning is sound. *Id.* We give great deference to administrative rulings, and we must affirm the agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*Id. See also* N.D.C.C. § 28–32–46. Normally, we engage in a three-step process when we review an appeal from an administrative agency decision. *Obrigewitch,* at ¶ 7. The following three steps are considered:

(1) Are the agency's findings of fact supported by a preponderance of the evidence? (2) Are the conclusions of law sustained by the agency's findings of fact? (3) Is the agency's decision supported by the conclusions of law? *Id.* (citation omitted)

[¶ 14] In deciding whether an agency's findings of fact are supported by a preponderance of the evidence, our review is confined to the record before the agency and to determining "whether a reasoning mind reasonably could have determined the factual conclusions were proven by the weight of the evidence." *Kraft v. N.D. State Bd. of Nursing,* 2001 ND 131, ¶ 10, 631 N.W.2d 572. We defer to the agency's ruling by not making independent findings of fact or by substituting our own judgment for the agency's, but "the ultimate conclusion of whether the facts meet the legal standard, rising to the level of probable cause, is a question of law, fully reviewable on appeal." *Sonsthagen v. Sprynczynatyk,* 2003 ND 90, ¶ 7, 663 N.W.2d 161.

[¶ 15] We decline to find a vehicle that has run out of gas is inoperable as a matter of law. Rather, the findings of fact must support the hearing officer's conclusion that Hawes was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The hearing officer made several findings of fact, including: 1) there was no dispute that Hawes was intoxicated, 2) the arresting officer found Hawes passed out in the driver's seat with the keys in the ignition in the middle of an exit ramp of Interstate 29, 3) the vehicle's hazard lights and headlights were on when the officer first spotted the vehicle, 4) Hawes told the officer she ran out of gas and was waiting for "OnStar" to bring gas to her, and 5) Hawes' car was out of gas. These findings of fact support the hearing officer's conclusion that Hawes was in actual physical control of a motor vehicle on a highway while under the influence of intoxicating liquor.

## III.

[¶ 16] We conclude the district court's jury instruction was not reversible error, the prosecutor's closing argument was not obvious error and the Department's decision was supported by a preponderance of the evidence. We affirm.

[¶ 17] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.