2011 ND 138

**Lee M. VANLISHOUT, Plaintiff and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Defendant and Appellee.**

**No. 20110017.**

Supreme Court of North Dakota.

July 13, 2011.

Danny Lee Herbel, The Regency Business Center, Bismarck, N.D., for plaintiff and appellant.

Douglas B. Anderson, Assistant Attorney General, Bismarck, N.D., for defendant and appellee.

SANDSTROM, Justice.

[¶ 1]   Lee Vanlishout appeals from the district court judgment affirming the De-

partment of Transportation's suspension of his driver's license for one year. We affirm the district court's judgment, concluding there was sufficient evidence to suspend Vanlishout's license for actual physical control of a motor vehicle while legally intoxicated.

I

[¶ 2] Vanlishout was arrested for actual physical control of a motor vehicle while legally intoxicated after he was found in the backseat of a car that was stuck in a ditch. Vanlishout requested a hearing regarding the suspension of his driving privileges, during which the following testimony was given.

[¶ 3] Early one morning in May 2010, a Morton County deputy was notified by dispatch of a car stuck in a ditch outside of Mandan. The deputy testified at the administrative hearing that he reached the car at 4:10 a.m. The car "looked like it had driven straight into the ditch," and it was still running at the time. The deputy noted the road and ditch were very muddy that evening because of significant rainfall, and he speculated that pulling the car out would have required a tow truck.

[¶ 4] The deputy testified that when he approached the car, he noticed a man in the backseat, who turned out to be Vanlishout. The deputy did not recall who first opened up the backseat door, but Vanlishout got out and walked to the deputy's car with his license, registration, and insurance information. The car that was stuck in the ditch was registered to Vanlishout. According to the deputy, when he asked Vanlishout how much he had had to drink, Vanlishout responded "too much," and said he was "guilty."

[¶ 5] The deputy then gave Vanlishout a series of sobriety tests. Vanlishout exhibited six of six possible intoxication clues in the horizontal gaze eye movement test, but passed the tests requiring him to recite numbers and letters backwards. The result of Vanlishout's breath test was a blood alcohol level of .146. The result of a blood test, taken at 4:50 a.m. after his arrest, was .17.

[¶ 6] Vanlishout's friend appeared at the administrative hearing and testified that he was the one who had driven the car into the ditch that night. According to the friend, Vanlishout was sleeping the entire time in the backseat, including after the car got stuck in the ditch. The friend stated he unsuccessfully attempted to awaken Vanlishout, and then walked to Mandan to get a pickup to pull the car out. By the time he allegedly returned, the car's engine was off and Vanlishout was gone. The friend explained he then went home because he assumed Vanlishout had called for a separate ride.

[¶ 7] The deputy and the friend never made contact on the evening in question, and the deputy testified he saw no footprints in the mud outside of Vanlishout's car. He also noted that from Vanlishout's position in the backseat of the car, it would have been "difficult, if not impossible, to drive the vehicle."

[¶ 8] The hearing officer found the deputy had reasonable grounds to believe Vanlishout committed a traffic offense. He further concluded that Vanlishout was in actual physical control of the car despite the fact that it was stuck in the ditch. Accordingly, the Department of Transportation suspended Vanlishout's license for 365 days. The district court affirmed the Department's decision.

[¶ 9] On appeal, Vanlishout argues there were no reasonable grounds to believe he was in actual physical control of the vehicle, there were no reasonable grounds to believe he committed a traffic

offense, and the lack of reasonable grounds made his arrest unconstitutional.

[¶ 10] Vanlishout properly requested an administrative hearing under N.D.C.C. § 39–20–05. His notice of appeal from the Department of Transportation's decision to the district court was timely under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 39–20–06. Vanlishout filed a timely notice of appeal from the district court judgment under N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

## II

■ [¶ 11] Vanlishout argues there were no reasonable grounds for the hearing officer to conclude that he was in actual physical control of his vehicle. Accordingly, he contends there was no valid basis for the Department of Transportation to suspend his license.

■ [¶ 12] We review an administrative revocation of a driver's license under N.D.C.C. § 28–32–46. We must affirm the Department's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*Id.* "[W]e do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979). An agency's conclusions on questions of law are subject to full review. *Huff v. Board of Medical Examiners,* 2004 ND 225, ¶ 8, 690 N.W.2d 221.

■ [¶ 13] "The essential elements of actual physical control are: (1) the defendant is in actual physical control of a motor vehicle on a highway or upon public or private areas to which the public has a right of access; and (2) the defendant was under the influence of intoxicating liquor, drugs or other substances." *Hawes v. North Dakota Dep't of Transp.,* 2007 ND 177, ¶ 5, 741 N.W.2d 202.

[¶ 14] The blood test taken after Vanlishout's arrest reflected a blood-alcohol content that exceeded the legal limit. This test was administered less than one hour after the deputy first encountered Vanlishout in the vehicle and therefore met the two-hour window for the test as required under N.D.C.C. § 39–20–04.1(1). Despite the test results showing he was intoxicated, Vanlishout argues that he never intended to drive and never did drive the car that evening and that his presence in the

backseat made him incapable of operating the car.

[¶ 15] We have previously recognized that intent to operate the vehicle is not an element of actual physical control. *City of Fargo v. Novotny*, 1997 ND 73, ¶ 6, 562 N.W.2d 95. We stated in *Novotny* that "the actual physical control offense proscribes intoxicated individuals from exercising any dominion over a vehicle, even if the individual is not driving and has no intent to drive, because the individual could set out on an inebriated journey at any moment." *Id.* Accordingly, Vanlishout's arguments that he did not drive the car and did not intend to drive the car are not defenses to the actual physical control offense.

■ [¶ 16] Vanlishout also argues he could not have been in actual physical control of the car, because he was in the backseat. To support his position, he points to the deputy's testimony that it would have been "difficult, if not impossible, to drive the vehicle" from the backseat. The primary factor in evaluating actual physical control is whether the accused had the ability to manipulate the controls of the vehicle. *Rist v. North Dakota Dep't of Transp.*, 2003 ND 113, ¶ 14, 665 N.W.2d 45. While Vanlishout's position in the backseat may have made it impossible for him to instantaneously drive the car, our previous decisions show that this is not the proper analysis.

■ [¶ 17] Our case law reflects that "actual physical control" does not mean the defendant can drive the car at the instant the officer sees him. Instead, the ability to control and operate the vehicle is subject to broader interpretation, and this is a question of fact properly left to the agency to decide. *See Salvaggio v. North Dakota Dep't of Transp.*, 477 N.W.2d 195, 198 (N.D.1991). We have upheld numerous convictions in which the defendant was not able to instantaneously operate the vehicle, but was still deemed to have had actual physical control because the temporary impediment could have been removed and the defendant could again have attempted to drive. *See, e.g., Hawes*, 2007 ND 177, 741 N.W.2d 202 (defendant's car out of fuel); *City of Fargo v. Novotny*, 1997 ND 73, 562 N.W.2d 95 (defendant asleep in vehicle with engine not running); *Salvaggio*, 477 N.W.2d 195 (N.D.1991) (defendant outside of stuck vehicle attempting to place chains on tire); *City of Fargo v. Theusch*, 462 N.W.2d 162 (N.D.1990) (defendant asleep in vehicle with ignition key in his coat pocket); *State v. Ghylin*, 250 N.W.2d 252 (N.D.1977) (defendant outside of vehicle stuck in the ditch). Accordingly, the fact that the car was stuck does not necessitate reversal of the administrative decision and the district court judgment in this case.

[¶ 18] We are convinced the hearing officer had sufficient grounds to find Vanlishout was in physical control of the car. The car was running at the time the officer arrived at the scene. At any time, Vanlishout could have moved from the backseat and attempted to drive. Further, Vanlishout's friend testified he was on his way back to the scene with a pickup to pull the car out. Doing so necessarily would have involved Vanlishout's climbing into the driver's seat to assist in the attempt.

[¶ 19] Vanlishout does not dispute that while he was intoxicated, he was in the backseat of a car registered to him, the car was running, and it was temporarily stuck in the ditch. This factual scenario, in light of our previous decisions in actual physical control cases, does not meet any of the grounds for reversal listed in N.D.C.C. § 28-32-46. The hearing officer's factual findings are supported by a preponderance of the evidence, and these findings support the Department of Transportation's sus-

pension of Vanlishout's driver's license for one year under N.D.C.C. § 39–20–04.1.

### III

[¶ 20]   Vanlishout's argument regarding whether there were reasonable grounds to believe he committed a traffic offense is irrelevant, because the hearing officer properly found he violated the actual physical control statute.   On the basis of the evidence and testimony provided at the hearing, the hearing officer reasonably concluded that Vanlishout was in physical control of a vehicle while legally intoxicated.   Accordingly, the suspension of his license was appropriate under N.D.C.C. § 39–20–04.1. We affirm the administrative suspension of Vanlishout's driver's license and the judgment of the district court.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.