Filed 2/22/18 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2018 ND 49

City of Bismarck, Plaintiff and Appellee

v.

Donald Leo Weisz, Defendant and Appellant

No. 20170191

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Melanie P. Dornonville de la Cour, Bismarck, N.D., for plaintiff and appellee.

Chad R. McCabe, Bismarck, N.D., for defendant and appellant.

City of Bismarck v. Weisz

No. 20170191

Tufte, Justice.

[¶1] Donald Weisz appeals from the district court’s criminal judgment and the order denying his motion to suppress.  We affirm, concluding there was sufficient competent evidence of probable cause to arrest Weisz for being in actual physical control of a vehicle while under the influence of intoxicating liquor.

I

[¶2] In January 2017, Officers Taylor Roman and Luke Kern were called to the scene of an accident.  Upon arriving, Officer Roman saw a vehicle, which had crashed into a Capital Electric box, in the ditch along with fresh tire tracks in the snow, leading off the road.  The vehicle’s license plate read “WEISZ02,” and by entering this plate into the officers’ vehicle registration system, Officer Roman identified Weisz as the owner of the vehicle and discovered Weisz’s address was on a nearby cross street.

[¶3] The officers did not see anyone in the vehicle, but Officer Kern saw footprints leading away from the driver’s side of the vehicle.  The vehicle was unlocked.  Officer Roman did not find any keys in the vehicle.  The officers saw an individual walking downhill toward the vehicle.  That individual stumbled and tripped over himself as he approached the vehicle.  Officer Kern testified that he saw this person fall down.  The individual identified himself as Weisz.  The officers noted that Weisz smelled of alcohol, his speech was slurred, he had poor balance, and his eyes were bloodshot.

[¶4] Weisz stated he was traveling from the East 40, a restaurant and bar about 1.5 miles away from the accident.  Officer Kern testified that Weisz stated, “I came from East 40,” as opposed to “we.”  The officers testified it was a cold night, and Weisz’s walking direction was not consistent with having walked from the East 40.  Weisz was arrested for being in actual physical control of a vehicle while intoxicated.  He moved to suppress evidence, and the district court denied his motion.  Weisz entered a conditional plea of guilty.

II

[¶5] Weisz argues that because the City of Bismarck lacked probable cause to arrest him, the district court erred by denying his motion to suppress.

When reviewing a district court’s ruling on a motion to suppress, we defer to the district court’s findings of fact and resolve conflicts in testimony in favor of affirmance.  We affirm the district court’s decision unless, after resolving conflicting evidence in favor of affirmance, we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence.  Questions of law are fully reviewable.

State v. Haverluk
, 2000 ND 178, ¶ 7, 617 N.W.2d 652 (citations omitted).

[¶6] An officer may arrest a person without a warrant “[o]n a charge, made upon reasonable cause, of driving or being in actual physical control of a vehicle while under the influence of alcoholic beverages.”  N.D.C.C. § 29-06-15(1)(f).  Reasonable cause is synonymous with probable cause.  
State v. Hensel
, 417 N.W.2d 849, 852 (N.D. 1988).  “To establish probable cause, it is not necessary that the officer possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred.”  
Id.  
In evaluating whether an officer had probable cause to arrest, we use a totality of the circumstances approach.  
State v. Waltz
, 2003 ND 197, ¶ 10, 672 N.W.2d 457.

[¶7] Weisz argues the City lacked probable cause to arrest him because there was insufficient evidence to show that he had driven the vehicle and that he was intoxicated.  Section 39-08-01(1)(b), N.D.C.C., states that a person may not drive or be in actual
 
physical control of a vehicle upon a highway if that person is under the influence of intoxicating liquor.  The purpose of the actual physical control offense is to “prevent an intoxicated person from getting behind the steering wheel of a motor vehicle because that person may set out on an inebriated journey at any moment and is a threat to the safety and welfare of the public.”  
State v. Saul
, 434 N.W.2d 572, 576 (N.D. 1989).  Circumstantial evidence can be used to show that a defendant was either operating or controlling the vehicle.  
See State v. Fuchs
, 219 N.W.2d 842, 844 (N.D. 1974) (operating vehicle); 
State v. Schuler
, 243 N.W.2d 367, 370 (N.D. 1976) (controlling vehicle).  We have stated that “we decline to hold, as a matter of law, that a person must be observed in a vehicle in order to be found in actual physical control of that vehicle.”  
Salvaggio v. North Dakota Dep’t of Transp.
, 477 N.W.2d 195, 198 (N.D. 1991).

[¶8] On the basis of the following facts, the arresting officer had reasonable cause to believe Weisz was in actual physical control of the vehicle at the time the vehicle hit the Capital Electric box.  The one-vehicle accident had fresh tire tracks.  There was one visible set of footprints leading away from the vehicle.  Officer Kern distinctly recalled Weisz’s saying, “I came from East 40,” as opposed to “we.”  The vehicle was unlocked.  The officers saw Weisz stumbling toward the vehicle.  Weisz identified himself to the officers.  The vehicle was registered to Weisz.  Its license plate read “WEISZ02.”  Weisz had a nearby address.  There were no keys in the vehicle.  He said he was coming from the East 40 bar and restaurant about 1.5 miles away.  It was a cold night in January with snow on the ground, and Weisz’s walking direction toward the vehicle was not consistent with his having walked from the East 40.

[¶9] In 
Schuler
, the defendant’s arguments were similar to Weisz’s:  “the State had no direct proof of (1) how the car reached its position, (2) who drove the car there, [or] (3) how long the car had been there before the deputy discovered it.”  
Schuler
, 243 N.W.2d at 371.  Rejecting these arguments, we affirmed the actual physical control conviction because of the circumstantial evidence presented.  Weisz’s arguments are even less persuasive, because in 
Schuler 
we reviewed the sufficiency of the evidence of a conviction, whereas this case involves whether there was sufficient evidence for an arrest, which requires only the lesser burden of reasonable cause.  We conclude there was sufficient evidence here to reach probable cause to arrest for the offense of actual physical control occurring at the time Weisz’s vehicle crashed into the electrical box.  Because we conclude there was sufficient circumstantial evidence to believe Weisz was in actual physical control of the vehicle when it crashed, we do not decide whether these facts would support probable cause to believe Weisz was in actual physical control of the vehicle after the officers arrived as he walked back toward the vehicle and the officers.

[¶10] Sufficient evidence of intoxication also existed:  Weisz stumbled and tripped over himself while he was walking to his vehicle, falling at least once, 
see Waltz
, 2003 ND 197, ¶ 13, 672 N.W.2d 457 (stating that staggering is a relevant factor indicating impairment); he was emitting an odor of alcohol; his speech was slurred; his eyes were bloodshot; and he stated he was traveling from the East 40, which serves alcoholic beverages.  
See
 
Haverluk
, 2000 ND 178, ¶ 19, 617 N.W.2d 652 (concluding that unusual behavior, slurred speech, bloodshot eyes, the odor of alcohol, and propping oneself up were sufficient to establish probable cause to arrest for actual physical control).  Thus, the evidence is sufficient to conclude that the officer had probable cause to arrest Weisz.

[¶11] Weisz also argues the North Dakota Constitution provides greater protection than the federal Constitution against unreasonable searches and seizures.  Because Weisz’s argument is inadequately supported, it will not be considered.
  See Engstrom v. North Dakota Dep’t of Transp.
, 2011 ND 235, ¶ 17, 807 N.W.2d 602
; Richter v. North Dakota Dep’t of Transp.
, 2010 ND 150, ¶ 21, 786 N.W.2d 716.

III

[¶12] Because there was sufficient competent evidence of probable cause to arrest, we affirm the district court’s criminal judgment and the order denying the motion to suppress.

[¶13] Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen

Gerald W. VandeWalle, C.J.