2005 ND 33

In the Matter of the Claim of Troy BECKLER for compensation from the North Dakota Workforce Safety and Insurance Fund.

Troy Beckler, Claimant and Appellant

v.

Workforce Safety and Insurance, Appellee.

No. 20040130.

Supreme Court of North Dakota.

Feb. 16, 2005.

Steven L. Latham, Wheeler Wolf, Bismarck, ND, for claimant and appellant.

Lawrence A. Dopson, Special Assistant Attorney General, Bismarck, ND, for appellee.

NEUMANN, Justice.

[¶ 1] Troy Beckler has appealed from a district court judgment affirming the order of Workforce Safety and Insurance ("WSI") denying his reapplication for disability benefits. We affirm, concluding that the district court did not abuse its discretion when it denied Beckler's motion to supplement the record and that WSI's finding that Beckler had not sustained an actual wage loss caused by a significant change in his medical condition was supported by a preponderance of the evidence.

I

[¶ 2] Beckler suffered a work-related injury to his right wrist in 1983. The injury has resulted in continuing medical problems for Beckler, including numerous surgeries to his right arm and wrist. In addition, Beckler alleges he developed problems with his left arm resulting from his need to compensate for the injured right arm, necessitating surgery on his left arm.

[¶ 3] At the time of his injury in 1983, Beckler applied for and received workers compensation benefits, including disability benefits. In 1991, Beckler was released to return to work and his disability benefits were terminated after he completed a vocational training program in hotel/motel management. Since 1991, Beckler has held a variety of jobs, each time ending the employment when pain from repetitive arm, wrist, and hand movements became too severe to continue working. At various times through the intervening years Beckler has received additional temporary disability benefits.

[¶ 4] Beckler's last employment was as a telemarketer from October 2001 to January 2002. Beckler initially worked full-time, but after a few days went to part-time. Beckler contends that the repetitive motion requirements of the job were causing excessive pain in his arms, and he quit his employment in January 2002.

[¶ 5] Beckler filed a reapplication for disability benefits on June 6, 2002. WSI initially denied Beckler's reapplication, and he requested a hearing before an administrative law judge ("ALJ"). Following the hearing, the ALJ issued her recommended findings of fact, conclusions of law, and order. The ALJ found Beckler had failed to prove that he had suffered a significant change in his medical condition or that he had incurred an actual wage loss caused by a change in his medical condition, and recommended WSI's order denying benefits be affirmed. WSI accepted the ALJ's recommendations and issued a final order denying the reapplication.

[¶ 6] Beckler appealed to the district court, and moved to supplement the record in the district court with additional medical records from an earlier administrative hearing on a prior reapplication for benefits. The district court denied the motion to supplement the record, noting there was no justifiable reason for Beckler's failure to provide the additional medical records

to the ALJ in this case. The court further concluded Beckler had failed to establish an actual wage loss caused by a significant change in his medical condition and therefore affirmed WSI's final order denying Beckler's reapplication.

## II

[¶ 7] Under N.D.C.C. § 28–32–46, the district court must affirm an order of an administrative agency unless it finds any of the following are present:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On an appeal from the district court's ruling on an administrative appeal, this Court reviews the agency order in the same manner. N.D.C.C. § 28–32–49; *Miller v. Workforce Safety and Ins.*, 2004 ND 155, ¶ 6, 684 N.W.2d 641; *Zander v. Workforce Safety and Ins.*, 2003 ND 194, ¶ 6, 672 N.W.2d 668.

[¶ 8] We have clarified our scope of review in appeals from decisions of administrative agencies:

We review the decision of the administrative agency, rather than that of the district court, although the district court's analysis is entitled to respect. We exercise restraint in deciding whether the agency's findings of fact are supported by a preponderance of the evidence, and we do not make independent findings or substitute our judgment for that of the agency. We decide only whether a reasoning mind reasonably could have decided the agency's findings were proven by the weight of the evidence from the entire record. Questions of law, including the interpretation of a statute, are fully reviewable on appeal from an administrative decision.

*Paul v. Workforce Safety and Ins.*, 2003 ND 188, ¶ 11, 671 N.W.2d 795 (citations omitted).

## III

[¶ 9] A claimant seeking workers compensation benefits has the burden of proving by a preponderance of the evidence that he is entitled to benefits. N.D.C.C. § 65–01–11; *Barnes v. Workforce Safety and Ins.*, 2003 ND 141, ¶ 20, 668 N.W.2d 290; *Bachmeier v. North Dakota Workers Comp. Bureau*, 2003 ND 63, ¶ 11, 660 N.W.2d 217; *Lesmeister v. North Dakota Workers Comp. Bureau*, 2003 ND 60, ¶ 22, 659 N.W.2d 350; *Gronfur v. North Dakota Workers Comp. Fund*, 2003 ND 42, ¶ 6, 658 N.W.2d 337. When a claimant's disability benefits have been discontinued and he subsequently sustains a significant change in his medical condition that causes further wage loss, the claimant may file a reapplication under N.D.C.C. § 65–05–08(1) seeking further disability benefits.

*Bachmeier*, at ¶ 11; *Lesmeister*, at ¶ 22; *Gronfur*, at ¶ 6. Section 65–05–08(1) provides:

> When disability benefits are discontinued, the organization may not begin payment again unless the injured employee files a reapplication for disability benefits on a form supplied by the organization. In case of reapplication, the award may commence no more than thirty days before the date of reapplication. Disability benefits must be reinstated upon proof by the injured employee that:
>
> a. The employee has sustained a significant change in the compensable medical condition;
>
> b. The employee has sustained an actual wage loss caused by the significant change in the compensable medical condition; and
>
> c. The employee has not retired or voluntarily withdrawn from the job market as defined in section 65–05–09.3.

Claimants reapplying for disability benefits under N.D.C.C. § 65–05–08(1) must show both a significant change in their compensable medical condition and an actual wage loss caused by the significant change in medical condition. *Lesmeister*, at ¶ 22.

[¶ 10] In *Bachmeier* and *Gronfur*, a majority of this Court held that the term "actual wage loss" in N.D.C.C. § 65–05–08(1)(b) is clear and unambiguous, and in order to show an actual loss of wages as a result of a change in his compensable medical condition the claimant must demonstrate that he was earning wages from employment when the significant change in his medical condition occurred and that the change caused at least a partial loss of those wages. *Bachmeier*, 2003 ND 63, ¶ 13, 660 N.W.2d 217; *Gronfur*, 2003 ND 42, ¶¶ 11–12, 658 N.W.2d 337; *see also Lesmeister*, 2003 ND 60, ¶ 22, 659 N.W.2d 350. The majority in *Bachmeier* and

*Gronfur* noted the distinction between actual wage loss and loss of earning capacity:

> Although the legislature has not defined the term "actual wage loss," the term wages is defined under N.D.C.C. § 65–01–02(31):
>
> > "Wages" means an employee's remuneration from all employment reportable to the internal revenue service as earned income for federal income tax purposes.

Using that definition of wages in the context of "actual wage loss" under N.D.C.C. § 65–05–08(1)(b), the claimant must prove that he has sustained an actual loss of remuneration from employment which would be reportable to the internal revenue service as earned income for federal income tax purposes. The requirement is clear. To demonstrate an actual loss of wages or remuneration as a result of a change in the claimant's compensable medical condition, the claimant must necessarily first demonstrate that he was earning wages from employment when the change in his medical condition occurred and must then show that the change caused at least a partial loss of those wages.

Gronfur's attempt to equate actual wages with earning capacity is misplaced. The distinction between those terms is clearly recognized in workers compensation law. . . .

We conclude the Bureau interpreted and applied N.D.C.C. § 65–05–08(1) in accordance with the law. Gronfur, by choosing not to seek employment and by not earning employment wages when he sustained a change in his compensable medical condition, failed to incur an actual wage loss as a result of the change in his medical condition. Gronfur was unable, therefore, to prove the actual wage loss which is a prerequisite to rein-

stating discontinued disability benefits under the statute. *Bachmeier*, at ¶ 13 (quoting *Gronfur*, at ¶¶ 12–15). Under *Bachmeier* and *Gronfur*, the claimant is required to show that he suffered a significant change in compensable medical condition *at the time he was employed and earning wages,* and that the change in his medical condition *caused* an actual loss of those wages.

■ [¶ 11] WSI adopted the ALJ's findings of fact that Beckler did not experience an actual wage loss in January 2002 caused by a significant change in his medical condition, and that Beckler voluntarily left his employment as a telemarketer in January 2002. Those findings are supported by the evidence in the record. Beckler presented no evidence that any of his doctors had rendered an opinion stating he had suffered a significant change in his medical condition requiring him to leave his employment. None of the contemporaneous medical records presented at the hearing showed that any doctor had told Beckler he should leave his employment as a telemarketer.

[¶ 12] The only evidence in the record of a significant change in Beckler's compensable medical condition affecting his ability to work is contained in a July 31, 2002, letter from one of Beckler's doctors indicating that, "[a]t this time," Beckler was totally disabled from any gainful employment because of his inability to use his arms in a functional manner. The letter expressly limits the doctor's opinion on Beckler's medical condition to "[a]t this time," i.e. July 2002, and the letter did not address Beckler's medical condition or ability to work in January 2002. Under *Bachmeier* and *Gronfur*, the change in compensable medical condition must be contemporaneous with and tied to the alleged actual loss of wages. The doctor's opinion that Beckler was totally disabled from working in July 2002 does not prove that he was similarly disabled six months earlier when he quit his job in January 2002, or that a change in his medical condition caused him to leave his employment.

[¶ 13] On the record in this case, we conclude *Bachmeier* and *Gronfur* are controlling. Beckler failed to present evidence to meet his burden of showing he suffered a significant change in his compensable medical condition in January 2002 which caused him to leave his employment and suffer an actual wage loss. Accordingly, WSI's finding that Beckler did not sustain an actual wage loss under N.D.C.C. § 65–05–08(1)(b) was supported by a preponderance of the evidence.

IV

■ [¶ 14] While his appeal to the district court was pending, Beckler filed a motion, contemporaneous with the filing of his brief to the district court, seeking to supplement the record with additional medical records which had been introduced at an earlier administrative hearing. Beckler included references to these medical records in his district court brief. Beckler contends the district court abused its discretion when it denied the motion to supplement the record.

[¶ 15] Supplementation of the record after an appeal has been taken from an administrative order is governed by N.D.C.C. § 28–32–45 (formerly codified at N.D.C.C. § 28–32–18):

If an application for leave to offer additional testimony, written statements, documents, exhibits, or other evidence is made to the court in which an appeal from a determination of an administrative agency is pending, and it is shown to the satisfaction of the court that the additional evidence is relevant and material and that there were reasonable grounds for the failure to offer the evi-

dence in the hearing or proceeding, or that the evidence is relevant and material to the issues involved and was rejected or excluded by the agency, the court may order that the additional evidence be taken, heard, and considered by the agency on terms and conditions as the court may deem proper. After considering the additional evidence, the administrative agency may amend or reject its findings of fact, conclusions of law, and order and shall file with the court a transcript of the additional evidence with its new or amended findings of fact, conclusions of law, and order, if any, which constitute a part of the record with the court.

[¶ 16] Beckler's argument on appeal suggests the district court should have granted his motion and considered the additional medical records. Beckler's inclusion of references to these medical records in his district court brief further suggests Beckler had misconstrued the proper procedure for supplementing the record under N.D.C.C. § 28–32–45. An appeal of an administrative agency decision to the district court invokes that court's appellate jurisdiction. *Dettler v. Sprynczynatyk*, 2004 ND 54, ¶ 18, 676 N.W.2d 799; *Lewis v. North Dakota Workers Comp. Bureau*, 2000 ND 77, ¶ 8, 609 N.W.2d 445. When an agency decision is appealed, the agency must prepare and file with the district court an original or certified copy of the entire record of proceedings before the agency, N.D.C.C. § 28–32–44(2), and, unless otherwise provided by statute, "the agency record constitutes the exclusive basis for administrative agency action and judicial review of an administrative agency action." N.D.C.C. § 28–32–44(5); *see Sprunk v. North Dakota Workers Comp. Bureau*, 1998 ND 93, ¶ 7, 576 N.W.2d 861. The district court "must review an appeal from the determination of an administrative agency based

only on the record filed with the court." N.D.C.C. § 28–32–46; *see Sprunk*, at ¶ 7.

[¶ 17] The proper procedure for supplementation of the record is explained in *Lewis*, 2000 ND 77, ¶ 9, 609 N.W.2d 445 (citation omitted) (construing the earlier codification of N.D.C.C. § 28–32–45):

Although N.D.C.C. § 28–32–18 allows a party to apply to the court in which an administrative appeal is pending for leave to adduce additional evidence, if leave is granted the court does not consider the additional evidence, but may only remand to the agency for the agency to consider the evidence. The district court is forbidden from considering evidence which has not been presented to the administrative agency.

*See also Otto v. North Dakota Workers Comp. Bureau*, 533 N.W.2d 703, 705 (N.D. 1995) ("the district court . . . may not consider evidence which has not been presented to the bureau").

[¶ 18] Even if we treat Beckler's motion to the district court as properly requesting a remand to WSI for consideration of the additional medical records, the district court expressly found that Beckler had given no justifiable reason for the failure to present this evidence at the administrative hearing. Section 28–32–45, N.D.C.C., allows supplementation of the record only if the proponent shows that the additional evidence is relevant and "that there were reasonable grounds for the failure to offer the evidence in the hearing or proceeding." The medical records at issue had been introduced at an administrative hearing predating the administrative hearing in this case. The records were known to and available to Beckler at the time of the hearing before the ALJ in this case. Under these circumstances, the district court did not abuse its discretion when it denied Beckler's motion to supplement the record.

## V

[¶ 19] The judgment affirming WSI's order denying Beckler's reapplication for disability benefits is affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.

MARING, Justice, dissenting.

[¶ 21] I respectfully dissent and adhere to my dissents in *Bachmeier v. North Dakota Workers Comp. Bureau,* 2003 ND 63, ¶¶ 19–23, 660 N.W.2d 217 and *Gronfur v. North Dakota Workers Comp. Fund,* 2003 ND 42, ¶¶ 17–20, 658 N.W.2d 337.

[¶ 22] In the instant case, there is a preponderance of evidence that establishes Beckler has suffered a significant change in his compensable medical condition. The medical records and reports show that Beckler has increased pain, is using increased pain medication, has the early stages of ulnar neuropathy of his left upper extremity, and has carpal tunnel syndrome. These conditions are all documented since he left work at Contact America on January 29, 2002.

[¶ 23] The second prong of the inquiry into whether Beckler is entitled to disability benefits upon reapplication, is whether he has proven actual wage loss due to his significant change in his compensable medical condition. The majority of our Court has concluded that to satisfy this test, the claimant must establish that the significant change in medical condition must result in an inability to continue working at a currently held job. *See Bachmeier,* 2003 ND 63, ¶ 13, 660 N.W.2d 217; *Gronfur,* 2003 ND 42, ¶ 14, 658 N.W.2d 337. Therefore, because it was not until July 31, 2002, that Dr. Martire concluded Beckler was unable to work due to the worsening of his compensable medical condition and there was

no opinion Beckler was unable to work on January 29, 2002, when he quit at Contact America, he failed to establish his significant change in his medical condition caused actual wage loss. I continue to be of the opinion that "actual wage loss" can be established by showing an inability to obtain employment, which can be proven by medical evidence that the employee is totally disabled from any work as a result of his work injury. *See Gronfur,* at ¶ 17 (Maring, J., dissenting). In the present case, Dr. Martire prepared a report dated July 31, 2002, in which he concluded Beckler was "disabled from gainful employment due to ulnar neuropathy of his left upper extremity, carpal tunnel syndrome, bilateral wrist tendinitis, and bilateral elbow pain status post multiple upper extremity surgeries." He noted that Beckler is unable to use his arms on any repetitive basis or in a functional manner for any type of job. In a letter dated April 3, 2003, Dr. Martire indicated that his review of the job as a hotel/motel manager indicated it involves repetitive use of the hands and that Beckler would not be able to do it. Even the IME doctor, Dr. Starzinski, agreed that Beckler has various "sensory symptoms that suggest several peripheral nerve syndromes, which could relate to some degree of scarring from the several procedures that he has had in the upper extremities, particularly on the right side." Although Dr. Starzinski concludes Beckler could work in a sedentary position as a hotel/motel manager, he could only do so "if he does not have any demands to use his hands repetitively and is allowed to vary his posture and activities."

[¶ 24] I, therefore, dissent and would reverse the denial of disability benefits.

[¶ 25] Mary Muehlen Maring