Filed 10/19/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 198

Vernon Johnson, Jr., Claimant and Appellee

v.

North Dakota Workforce Safety & Insurance, Appellant

and

Lee’s Construction, Inc. Respondent

No. 20090371

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

REVERSED.

Opinion of the Court by Sandstrom, Justice.

Stephen D. Little, Gateway Office Building, 2718 Gateway Avenue, Suite 302, Bismarck, N.D. 58503-0585, for claimant and appellee.

Jacqueline Sue Anderson, Special Assistant Attorney General, P.O. Box 2626, Fargo, N.D. 58108-2626, for appellant.

Johnson v. North Dakota Workforce Safety & Insurance

No. 20090371

Sandstrom, Justice.

[¶1] Workforce Safety and Insurance (“WSI”) appeals from a district court judgment reversing its order denying a reapplication for disability benefits by Vernon Johnson, Jr.  Because we conclude the administrative law judge (“ALJ”) could reasonably conclude Johnson failed to prove an actual wage loss caused by a significant change in his compensable medical condition, we reverse the judgment and reinstate WSI’s order.

I

[¶2] In July 2003, Johnson submitted a claim to WSI for benefits for a May 2003 injury to his left leg and ankle that occurred while he was working as a heavy equipment operator.  WSI accepted Johnson’s claim and awarded him medical benefits, but also denied him wage loss benefits because WSI’s records indicated he had been off work less than five consecutive days.  Johnson requested reconsideration of the denial of wage loss benefits, claiming his injury date was May 1, 2003, and his “return to work date” was July 28, 2003.  In October 2003, WSI awarded Johnson wage loss benefits, stating:

WSI will honor your request and pay wage loss benefits from May 2, 2003 through July 28, 2003.  A payment from May 2, 2003 to May 29, 2003 will be going out to you based on [your] wages.  For WSI to pay the remainder of wage loss through July 28, 2003, it is necessary that you submit tax returns.

[¶3] In November 2003, WSI issued an informal decision granting Johnson temporary total disability benefits as a “seasonal employee” with an average weekly wage of $885 before he was injured.  On November 18, 2003, WSI issued a notice of intention to discontinue benefits, because Johnson had returned to work on July 29, 2003.  WSI issued an amended informal decision the next day, correcting Johnson’s average weekly wage calculation as a “seasonal employee” to $53 on the basis of his tax returns.  Johnson requested reconsideration of WSI’s average weekly wage calculation, claiming a higher hourly wage.  On December 18, 2003, WSI responded, requesting additional documentation supporting a higher wage calculation within 30 days of its original decision or within 10 days of the response, whichever was later.  On December 31, 2003, Johnson submitted a check stub ledger to WSI, indicating income he received in February 2003.  WSI advised Johnson that his submission was not timely, and the decision about his average weekly wage was final.

[¶4] In March 2004, Johnson received additional medical treatment for his left ankle, and surgery was recommended.  In April 2004, he had surgical reconstruction on his left ankle, but did not then reapply for disability benefits.  After surgery, Johnson started physical therapy and began to report left hip problems.  In June 2004, Johnson reported a sore left hip and left leg from his May 2003 work accident.  WSI denied payment for medical treatment of Johnson’s hip pain.  Johnson wrote to WSI, disagreeing with its previous average weekly wage calculation.  WSI responded that Johnson’s request for reconsideration of its November 2003 decision on his average weekly wage was not timely and that decision was final.

[¶5] In August 2004, WSI decided Johnson was not entitled to benefits for treatment of his bilateral hip condition or to payment for medical treatment from other medical providers.  Johnson requested a hearing.  After a November 2005 hearing, an ALJ issued a recommended order, finding that although Johnson’s bilateral hip problems were not related to his work injury, the greater weight of the evidence showed Johnson’s low back condition, an L4-5 disc protrusion and radiculopathy, was related to his work injury.  The ALJ held the symptoms associated with his low back condition were related to his work injury and Johnson was entitled to the payment for medical treatment for his back.  WSI adopted the ALJ’s decision.

[¶6] In October 2006, Johnson wrote to WSI, demanding wage loss benefits purportedly awarded by the ALJ.  WSI responded that the only issue before the ALJ had been medical benefits regarding his low back and that no issue of wage loss benefits had been identified.  In November 2006, Johnson requested reconsideration, asserting the November 2003 decision had not addressed disability benefits for his low back condition.  WSI responded that Johnson was required to reapply for further wage loss benefits.  Almost a year later, on November 9, 2007, Johnson reapplied for wage loss benefits, asserting WSI had never taken action on his low back condition.  In March 2008, WSI denied Johnson further disability benefits, and he requested a hearing.

[¶7] After a hearing, an ALJ issued findings of fact, conclusions of law, and an order affirming WSI’s March 2008 order, denying Johnson disability benefits in connection with his reapplication for benefits.  The ALJ concluded as a matter of law that while Johnson disputed WSI’s average weekly wage calculation, he did not dispute the duration of disability benefits ending on July 28, 2003.  The ALJ concluded Johnson’s disability benefits had been discontinued and a determination whether to reinstate benefits was governed by N.D.C.C. § 65-05-08(1).  The ALJ decided Johnson was not entitled to reinstatement of disability benefits under N.D.C.C. § 65-05-08(1), because he had not shown an actual wage loss caused by a significant change in his compensable medical condition.

[¶8] Johnson appealed the ALJ’s decision to the district court, which reversed the ALJ’s order.  The court concluded the ALJ erred in applying N.D.C.C. § 65-05-08, the ALJ could not have reasonably concluded Johnson failed to establish entitlement to disability benefits in connection with his claim, and the ALJ made numerous findings of fact that were not supported by the greater weight of the evidence.

[¶9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27-05-06, 65-10-01, and 28-32-42.  WSI’s appeal was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28-32-49.  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-32-49.

II

[¶10] Under the Administrative Agencies Practice Act, courts exercise limited review in appeals from decisions by an administrative agency.  
Workforce Safety & Ins. v. Auck
, 2010 ND 126, ¶ 8, 785 N.W.2d 186.  The district court under N.D.C.C. § 28-

32-46, and this Court under N.D.C.C. § 28-32-49, must affirm an administrative agency order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

[¶11] In reviewing an agency’s findings of fact, this Court neither makes independent findings nor substitutes its judgment for the agency’s judgment, but rather decides whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record.  
Auck
, 2010 ND 126, ¶ 9, 785 N.W.2d 186.  “When reviewing an appeal from a final decision by an independent ALJ, similar deference is given to the ALJ’s factual findings.”  
Auck
, at ¶ 9.  “An ALJ has the opportunity to observe witnesses and the responsibility to assess the credibility of witnesses and resolve conflicts in the evidence.”  
Id.
 (quotations omitted).  However, this Court does not give similar deference to the ALJ’s legal conclusions, which we review “in the same manner as legal conclusions generally.”  
Id.
  “Questions of law, including the interpretation of a statute, are fully reviewable on appeal.”  
Id.

III

[¶12] WSI argues Johnson’s disability benefits had been terminated in 2003 and he was required to meet the reapplication requirements of N.D.C.C. § 65-05-08(1) for reinstatement of disability benefits.  WSI contends the ALJ could reasonably conclude Johnson was not entitled to reinstatement of disability benefits under his November 2007 reapplication, because he failed to show an actual wage loss caused by a significant change in his compensable medical condition. 

[¶13] In seeking WSI benefits, a claimant has the burden of proving by a preponderance of the evidence that the claimant has suffered a “compensable injury” and is entitled to benefits.  N.D.C.C. § 65-01-11; 
Manske v. Workforce Safety & Ins.
, 2008 ND 79, ¶ 9, 748 N.W.2d 394.  Section 65-05-08(1), N.D.C.C., addresses reapplication for disability benefits, and states:

When disability benefits are discontinued, [WSI] may not begin payment again unless the injured employee files a reapplication for disability benefits on a form supplied by [WSI].  In case of reapplication, the award may commence no more than thirty days before the date of reapplication.  Disability benefits must be reinstated upon proof by the injured employee that: 

a. The employee has sustained a significant change in the compensable medical condition; 

b. The employee has sustained an actual wage loss caused by the significant change in the compensable medical condition; and 

c. The employee has not retired or voluntarily withdrawn from the job market as defined in section 65-05-09.3.

[¶14] After disability benefits have been discontinued, a claimant may seek additional disability benefits by filing a reapplication under N.D.C.C. § 65-05-08(1).  
Beckler v. Workforce Safety & Ins.
, 2005 ND 33, ¶ 9, 692 N.W.2d 483.  In reapplying for disability benefits, a claimant must show 
both
 a significant change in his compensable medical condition 
and
 an actual wage loss caused by the significant change in the medical condition.  
See
 
Beckler
, at ¶ 9; 
Gronfur v. North Dakota Workers Comp. Fund
, 2003 ND 42, ¶ 14, 658 N.W.2d 337; 
Bachmeier v. North Dakota Workers Comp. Bureau
, 2003 ND 63, ¶ 11, 660 N.W.2d 217; 
Lesmeister v. North Dakota Workers Comp. Bureau
, 2003 ND 60, ¶ 22, 659 N.W.2d 350; 
see also
 
Aga v. Workforce Safety & Ins.
, 2006 ND 254, ¶ 16, 725 N.W.2d 204 (“A claimant’s change in a compensable medical condition must be contemporaneous with and tied to an alleged actual loss of wages.”). 

[¶15] Here, in reversing WSI’s final order, the district court concluded the ALJ erred in requiring Johnson to meet the requirements of N.D.C.C. § 65-05-08 and could not reasonably conclude Johnson failed to establish entitlement to disability benefits in connection with his claim for benefits.  The court further held several of the ALJ’s findings of fact were not supported by the greater weight of evidence.  In his notice of appeal and specifications of error to the district court, however, Johnson did not challenge any of the ALJ’s findings of fact, but only asserted two conclusions of law were erroneous.

[¶16] At oral argument to this Court, Johnson conceded the findings of fact identified by the district court were not in error.  Under N.D.C.C. § 28-32-42(4), “[a] party appealing a hearing officer’s decision must file ‘reasonably specific’ specifications of error detailing which matters are at issue, so as to alert the agency, other parties, and the court of the particular errors claimed.”  
Midthun v. North Dakota Workforce Safety & Ins.
, 2009 ND 22, ¶ 7, 761 N.W.2d 572.  “When a party does not enumerate an issue in [the] specifications of error, we will not consider that issue on appeal.”  
Id.
 at ¶ 7.  Because the scope of appeal is limited to the specifications of error, the district court erred in deciding any findings of fact were in error.

[¶17] In its February 2009 order, the ALJ found WSI properly refused to pay wage loss benefits beyond July 28, 2003.  The ALJ found Johnson had written to WSI that his return to work date was July 28, 2003, and in an August 2003 telephone conversation with a claims analyst, he revealed that he had been doing some jobs on his own, would be fully released to work on August 28, 2003, and had planned to return to a construction job as soon as there was an opening.  The ALJ also found Johnson returned to work as a truck driver in early September 2003, and drove truck a total of 401 hours from September 9, 2003, through October 10, 2003.

[¶18] The ALJ found the issues specified in Johnson’s prior administrative hearing “did not include the monetary benefits of his disability,” and WSI paid disability benefits from May 2, 2003, to July 28, 2003, and effectively discontinued the benefits after July 28, 2003.  The ALJ found WSI informed Johnson in October 2003 that it would honor his request for wage loss benefits for the period of May 2, 2003, to July 28, 2003, and that Johnson did not object to WSI’s October 2003 letter within 30 days.  The ALJ further found that after WSI had sent Johnson the November 18, 2003, notice of intention to discontinue his disability benefits, he did not object to the duration of the disability benefits ending on July 28, 2003, and he disputed only the average weekly wage calculation.

[¶19] On the basis of the findings, the ALJ concluded WSI’s November 18, 2003, notice of intention to discontinue his disability benefits adequately informed Johnson that he had set forth only a dispute and request for reconsideration of his average weekly wage for the benefits awarded, rather than the duration of the benefits.  The ALJ concluded the record did not reflect any objection by Johnson to the issues presented in the earlier August 2006 administrative hearing, which did not award wage loss benefits in connection with Johnson’s low back.

[¶20] Johnson argues, however, he was not required to reapply for disability benefits under N.D.C.C. § 65-05-08(1), because he made a series of good-faith work trials and was entitled to reinstatement of disability benefits and a reassessment of his reasonable options for reemployment under N.D.C.C. § 65-05.1-04(4).  However, N.D.C.C. § 65-05.1-04(4) falls within the statutory chapter addressing vocational rehabilitation services, and applies only after there has been a determination of the first appropriate rehabilitation option under N.D.C.C. § 65-05.1-01(4).  Here vocational rehabilitation services were not initiated under N.D.C.C. ch. 65-05.1, and WSI did not make a determination of Johnson’s first appropriate rehabilitation option.  We therefore conclude N.D.C.C. § 65-05.1-04(4) does not apply, and we reject Johnson’s attempt to circumvent the reapplication requirements under N.D.C.C. § 65-05-08(1) for reinstatement of disability benefits.

[¶21] Johnson also argues reapplication for disability benefits was unnecessary, because WSI had not previously awarded disability benefits for his low back condition related to his May 2003 work injury.  The ALJ found Johnson was awarded disability benefits for his work injury for the period of May 2, 2003, through July 28, 2003.  Although Johnson contends he has been disabled since his work injury, the ALJ also found he returned to work after his injury.  The ALJ found Johnson himself had informed WSI that he had returned to work and did not feel he should be paid disability benefits beyond July 28, 2003. 

[¶22] The ALJ concluded Johnson failed to show he suffered an actual wage loss caused by a significant change in his compensable medical condition.  Johnson returned to work after July 28, 2003, and the record does not reflect he made a claim for reinstatement of disability benefits until he reapplied in November 2007.  It is undisputed Johnson was not employed and was not earning wages when he filed his reapplication for disability benefits in November 2007.  Even if Johnson’s medical condition in November 2007 constituted a significant change in his compensable medical condition, he was not entitled to disability benefits associated with those conditions, because he failed to prove a contemporaneous actual wage loss attributable to the significant change.  

[¶23] On the basis of this record and the ALJ’s undisputed findings, we conclude the ALJ properly applied N.D.C.C. § 65-05-08(1) and a reasoning mind could reasonably conclude Johnson failed to show an actual wage loss caused by a significant change in his medical condition.  WSI’s order denying Johnson’s reapplication for disability benefits is therefore affirmed.

IV

[¶24] We have considered the remaining arguments and determined they are either unnecessary to our decision or without merit.  The district court judgment is reversed, and WSI’s order denying Johnson disability benefits is reinstated.

[¶25] Dale V. Sandstrom

Daniel J. Crothers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Maring, Justice, concurring in the result.

[¶26] I, respectfully, concur in the result but continue to disagree with the interpretation by the majority of the Court of the meaning of “actual wage loss” in N.D.C.C. § 65-05-08.  

[¶27] I am of the opinion “actual wage loss” can be established by showing an inability to obtain employment, which in turn can be proven not only by evidence of failure to secure a job, but also by medical evidence the employee is totally disabled from performing any work as a result of the physical impairment caused by the work injury.  
See
 
Gronfur v. N.D. Workers Compensation Fund
, 2003 ND 42, ¶¶ 17-21, 658 N.W.2d 337 (Maring, J., dissenting); 
Bachmeier v. N.D. Workers Compensation Bureau
, 2003 ND 63, ¶¶ 19-24, 660 N.W.2d 217 (Maring, J., dissenting); 
Beckler v. Workforce Safety and Insurance
, 2005 ND 33, ¶¶ 21-25, 692 N.W.2d 483 (Maring, J., dissenting).  However, under the facts of this case, Johnson did not establish that he had made an effort to get employment after the fall of 2003 nor did he establish he had worked and was unable to continue to work due to a significant change in his compensable medical condition.  He, therefore, did not meet the requirements of N.D.C.C. § 65-05-08.  

[¶28] Mary Muehlen Maring