Filed 7/14/14 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2014 ND 138

Mikkel Hering, Appellant

v.

North Dakota Workforce 

Safety & Insurance, Appellee

and

Williston RV & Marine, Respondent

No. 20140030

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable David W. Nelson, Judge.

AFFIRMED.

Per Curiam.

Stephen D. Little, Gateway Office Building, 2718 Gateway Avenue, Suite 302, Bismarck, ND 58503-0585, for appellant.

Mitchell D. Armstrong, Special Assistant Attorney General, 122 East Broadway Avenue, P.O. Box 460, Bismarck, ND 58502-0460, for appellee.

Hering v. WSI

No. 20140030

Per Curiam.

[¶1] Mikkel Hering appeals from a district court judgment affirming an administrative law judge order denying his reapplication for disability benefits.  Section 65-05-08(1), N.D.C.C., allows for the reinstatement of disability benefits upon an injured employee’s showing:

“a. The employee has sustained a significant change in the compensable medical condition; 

b. The employee has sustained an actual wage loss caused by the significant change in the compensable medical condition; and 

c. The employee has not retired or voluntarily withdrawn from the job market as defined in section 65-05-09.3.”

Hering asserts the administrative law judge found he met each required element, but also found his change in condition and his actual wage loss were not contemporaneous.  Hering argues the administrative law judge required the wage loss to be simultaneous with a change in condition, rather than contemporaneous.  WSI asserts that the administrative law judge did not find Hering met the requirements of section 65-05-08(1)(b), N.D.C.C., and that the administrative law judge correctly concluded Hering’s alleged wage loss was not contemporaneous with a change in his medical condition.

[¶2] Under section 65-05-08(1)(b), “the claimant must demonstrate that he was earning wages from employment when the significant change in his medical condition occurred and that the change caused at least a partial loss of those wages.”  
Beckler v. N.D. Workforce Safety & Ins.
, 2005 ND 33, ¶ 10, 692 N.W.2d 483.  While the change in medical condition need not happen simultaneously with the wage loss, the contemporaneous requirement contemplates that a change in medical condition be closely tied to the loss of wages insofar as a claimant may not seek a position after a medical condition worsens, only to lose that position in order to obtain another opportunity to reapply for disability benefits.  
See
 
id.
 at ¶¶ 10-12 (differentiating loss of actual wages from loss of earning capacity).

[¶3] A preponderance of the evidence supports the administrative law judge’s determination that Hering did not suffer any actual wage loss from the significant change in his medical condition because the change in his medical condition occurred before he started employment with Ray Company.  The district court is summarily affirmed under N.D.R.App.P. 35.1(a)(5) and (a)(7).  
Beckler
, 2005 ND 33, ¶ 10, 692 N.W.2d 483.

[¶4] Gerald W. VandeWalle, C.J.

Lisa Fair McEvers

Dale V. Sandstrom

Carol Ronning Kapsner

Daniel J. Crothers