FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
APRIL 13, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 71

Joseph Jahner,                                               Appellee

    v.

North Dakota Department of Health

and Human Services,                                      Appellant

## No. 20220313

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Justin J. Vinje (argued) and Tiffany J. Vinje (on brief), Bismarck, ND, for appellee.

Jane G. Sportiello, Bismarck, ND, for appellant.

**Crothers, Justice.**

[¶1]   The North Dakota Department of Health and Human Services[1] appeals from a district court judgment reversing the Department's order affirming the denial of Joseph Jahner's application to enroll as a Medicaid provider. We reverse the district court's judgment and reinstate the Department's order.

I

[¶2]   Jahner is employed by West Central Human Service Center as a peer support specialist. A peer support specialist uses his or her lived experience of recovery from addiction plus skills learned in formal training to deliver services to promote recovery. N.D. Admin. Code § 75-03-43-01(5). In December 2020, Jahner applied with the Department to be an enrolled provider with North Dakota Medicaid as a peer support specialist. In June 2021, the Department denied Jahner's application. The Department stated its Medicare Provider Enrollment Screening Policy ("1915(i) Policy") prohibited Jahner "from enrolling as a provider with ND Medicaid" because of his criminal history. Between 2002 and 2017, Jahner was convicted of 13 crimes, including negligent homicide, reckless endangerment, aggravated assault, assault, and menacing.

[¶3]   Jahner requested a hearing before an administrative law judge (ALJ). After the hearing, the ALJ recommended reversing the Department's decision, concluding the Department should have done a thorough review of Jahner's criminal history to determine if any offenses had a direct bearing on the position of peer support specialist.

[¶4]   The Department did not adopt the ALJ's recommended decision, and affirmed its decision denying Jahner's application. The Department concluded peer support specialists serve a vulnerable population, Jahner's criminal

---

[1] The Department of Human Services merged with the Department of Health to become the Department of Health and Human Services on September 1, 2022, via House Bill 1247 of the 67th Legislative Assembly.

offenses have a direct bearing on the position of peer support specialist, and he was not sufficiently rehabilitated. The Department's decision prevented Jahner from becoming a Medicaid provider but did not affect his ability to work as a peer support specialist.

[¶5] Jahner appealed the Department's decision to the district court. In August 2022, the court reversed the Department's decision, concluding the Department failed to sufficiently identify a criminal offense directly bearing on the position of peer support specialist. The court also concluded the Department did not properly consider whether Jahner was sufficiently rehabilitated. The court held the Department's decision was not in accordance with the law.

II

[¶6] Courts exercise limited review in appeals from administrative agency decisions. *Johnson v. North Dakota Workforce Safety & Ins.*, 2010 ND 198, ¶ 10, 789 N.W.2d 565. On appeal from the district court, we review the administrative agency's decision in the same manner that the district court reviewed the agency's decision. N.D.C.C. § 28-32-49. Under N.D.C.C. § 28-32-46, a district court must affirm an administrative agency order unless:

> "1. The order is not in accordance with the law.
>
> 2. The order is in violation of the constitutional rights of the appellant.
>
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
>
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
>
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
>
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.

2

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

[¶7] In reviewing the agency's findings of fact, this Court does not make independent findings or substitute our judgment for the agency's judgment. *Sloan v. N.D. Workforce Safety & Ins.*, 2011 ND 194, ¶ 5, 804 N.W.2d 184. "Rather, we decide whether a reasoning mind reasonably could have determined the findings were proven by the weight of the evidence from the entire record." *Id.* The application and interpretation of a statute is a question of law. *Rodenbiker v. Workforce Safety & Ins.*, 2007 ND 169, ¶ 15, 740 N.W.2d 831. Questions of law are fully reviewable in an administrative appeal. *Sloan*, at ¶ 5.

[¶8] The Department is responsible for implementing the state's Medicaid program. *Gross v. N.D. Dep't of Hum. Servs.*, 2004 ND 24, ¶ 2, 673 N.W.2d 910. Chapter 50-24.1, N.D.C.C., governs the Medicaid program. Under N.D.C.C. § 50-24.1-04, the Department "may adopt rules and regulations as necessary to qualify for any federal funds available under this chapter."

III

[¶9] The Department argues the district court erred in concluding the Department's order affirming its denial of Jahner's application to enroll as a Medicaid provider was not in accordance with the law under N.D.C.C. § 28-32-46(1).

A

[¶10] The Department's 1915(i) Policy states it is regulated in part by N.D.C.C. Title 12.1 and N.D. Admin. Code § 75-02-05. The orders issued by the Department, the ALJ and the district court discussed N.D.C.C. § 12.1-33-02.1, relating to a criminal conviction and the ability to engage in an occupation in

which a license or permit is required by a state agency. Section 12.1-33-02.1(1), N.D.C.C., provides:

> "A person may not be disqualified to practice, pursue, or engage in any occupation, trade, or profession for which a license, permit, certificate, or registration is required from any state agency, board, commission, or department solely because of prior conviction of an offense. However, a person may be denied a license, permit, certificate, or registration because of prior conviction of an offense if it is determined that such person has not been sufficiently rehabilitated, or that the offense has a direct bearing upon a person's ability to serve the public in the specific occupation, trade, or profession."

[¶11] The statute states a person with a prior conviction may not be prohibited or disqualified from engaging in an occupation requiring registration or licensure from a state agency. Here, Jahner applied with the Department to be a Medicaid provider as a peer support specialist. The Department's denial of his Medicaid enrollment application did not disqualify him from engaging in the occupation of a peer support specialist. Jahner was employed as a peer support specialist when he applied with the Department. The Department's decision only concerned Jahner's ability to bill Medicaid, not his ability to engage in a specific occupation. Therefore, N.D.C.C. § 12.1-33-02.1 does not apply.

B

[¶12] The Department claims its 1915(i) Policy and the order affirming its denial of Jahner's application complies with N.D. Admin. Code § 75-02-05, dealing with Medicaid and children's health insurance program providers.

[¶13] Under N.D. Admin. Code § 75-02-05-04.1(9), the Department may deny an application to become a Medicaid provider if:

> "The applicant has been convicted of an offense in section 75-02-05-11, which is determined by the department to have a direct bearing upon the applicant's ability to be enrolled as a Medicaid or children's health insurance program provider, or the department determines, following conviction of any other offense, the applicant is not sufficiently rehabilitated."

4

Section 75-02-05-11, N.D. Admin. Code, requires a criminal background check for enrolled or newly enrolled providers. *See also* N.D.C.C. § 50-06-01.9(6) (allowing the Department to require criminal history record checks for Medicaid provider applicants). Under N.D. Admin. Code § 75-02-05-11(2):

> "The department shall evaluate criminal history against the reasons for revocation found in 42 C.F.R. 424.535(a)(3) and based on offenses described in North Dakota Century Code chapter 12.1-16, homicide; 12.1-17, assaults - threats - coercion - harassment; 12.1-18, kidnapping; 12.1-27.2, sexual performances by children; or 12.1-41, Uniform Act on Prevention of and Remedies for Human Trafficking; in North Dakota Century Code section 12.1-20-03, gross sexual imposition; 12.1-20-03.1, continuous sexual abuse of a child; 12.1-20-04, sexual imposition; 12.1-20-05, corruption or solicitation of minors; 12.1-20-06, sexual abuse of wards; 12.1-20-06.1, sexual exploitation by therapist; 12.1-20-07, sexual assault; 12.1-22-01, robbery; 12.1-22-02, burglary, if a class B felony under subdivision b of subsection 2 of that section; 12.1-29-01, promoting prostitution; 12.1-29-02, facilitating prostitution; 12.1-31-05, child procurement; 12.1-31-07, endangering a vulnerable adult; 12.1-31-07.1, exploitation of a vulnerable adult; subsection 1 of section 26.1-02.1-02.1 of North Dakota Century Code, fraudulent insurance acts; or an offense under the laws of another jurisdiction which requires proof of substantially similar elements as required for conviction under any of the enumerated North Dakota statutes."

Here, the Department's order states "[a]ll offenses in [N.D. Admin. Code] § 75-02-05-11 are considered direct bearing offenses."

[¶14] The Department's 1915(i) Policy states it will deny an application "if the provider applicant has been convicted of any of the following felonies, class A misdemeanors, or class B misdemeanors outlined in [N.D. Admin. Code] 75-02-05-11(2) and have not been deemed 'sufficiently rehabilitated' by the [Department]." The crimes listed in the policy are identical to those in N.D. Admin. Code § 75-02-05-11(2).

[¶15] In determining whether an applicant has been sufficiently rehabilitated following a conviction of an offense under N.D. Admin. Code § 75-02-05-11(2), the Department's 1915(i) Policy considers the time elapsed from the conviction.

If an applicant has one conviction under N.D. Admin. Code § 75-02-05-11(2), the applicant is sufficiently rehabilitated if one to three years has elapsed since final discharge and release from any term or probation, parole or other form of community corrections, or imprisonment without subsequent conviction. If an applicant has two or more convictions, the applicant is sufficiently rehabilitated if five years has elapsed since final discharge and release from any term or probation, parole or other form of community corrections, or imprisonment without subsequent conviction. If an applicant was convicted of an offense under N.D. Admin. Code § 75-02-05-11(2) and a subsequent conviction of any felony or class A or B misdemeanor occurs before the applicant is deemed sufficiently rehabilitated under the policy, the "applicant will forever be prohibited from enrolling as a provider with ND Medicaid."

[¶16] The Department's order discussed Jahner's criminal history. In March 2002, Jahner was convicted of negligent homicide and reckless endangerment, both class C felonies. Both crimes are direct bearing offenses under N.D. Admin. Code § 75-02-05-11(2). In July 2002, Jahner was convicted of aggravated assault, a class C felony and a direct bearing offense under N.D. Admin. Code § 75-02-05-11(2). The Department's order noted the aggravated assault conviction occurred within five years of the March 2002 felony convictions.

[¶17] In August 2011, Jahner was convicted of assault, a class A misdemeanor and direct bearing offense under N.D. Admin. Code § 75-02-05-11(2). In February 2014, Jahner was convicted of menacing, a class A misdemeanor and direct bearing offense under N.D. Admin. Code § 75-02-05-11(2). Jahner was convicted of four additional offenses in 2014 and 2015. The menacing and other convictions occurred within the five-year rehabilitation period of the August 2011 assault conviction. In April 2017, Jahner was convicted of disorderly conduct, a class B misdemeanor. The offense is not a direct bearing offense under N.D. Admin. Code § 75-02-05-11(2); however, the offense occurred within the five-year rehabilitation period of the February 2014 menacing conviction.

[¶18] The Department concluded Jahner was not sufficiently rehabilitated because he "committed several direct bearing offenses and was convicted of criminal offenses prior to the stated time period expiring from final discharge

and release from any term of probation, parole, or other form of community corrections, or imprisonment without subsequent conviction." The Department concluded:

> "Although his previous offenses may render him to be uniquely qualified to be a peer support specialist as the crimes he committed are closely related to the fact that he suffered from a chemical addiction, the fact remains that he committed too many direct bearing offenses and other offenses before final discharge or release from sentencing from previous offenses. The Department agrees that his experiences allow him to relate to those with similar experiences seeking help for an addiction and addiction is often the cause for criminal offenses. However, the fact remains that peer support specialists serve a vulnerable population . . . and the Department must be certain that those who serve in that capacity are truly sufficiently rehabilitated. Based on the number of offenses committed, the severity of the offenses committed, and the commitment of offenses while still on probation or parole, the Department may not deem Jahner sufficiently rehabilitated."

[¶19] By adopting N.D. Admin. Code §§ 75-02-05-04.1(9) and 75-02-05-11, the Department determined the offenses listed in N.D. Admin. Code § 75-02-05-11(2) have a direct bearing on an applicant's ability to be enrolled as a Medicaid provider. In his brief, Jahner noted the regulations exclude offenses such as theft, forgery, obscenity or interference with privacy, which also may impact an applicant's ability to be enrolled as a Medicaid provider. However, Jahner fails to show the Department's adoption of the regulations was arbitrary, capricious or was not the product of a rational mental process. *See Sloan*, 2011 ND 194, ¶ 12 (stating agency rules deserve deference "unless they produce an absurd result, are arbitrary and capricious, or are inconsistent with statutes covering the same subject matter"). The Department's order states peer support specialists deal with vulnerable people. Many of the direct bearing offenses in N.D. Admin. Code § 75-02-05-11(2) involve violence. The regulation is not arbitrary and capricious simply because it excludes some offenses that also may have a direct bearing on an applicant's ability to be enrolled as a Medicaid provider.

[¶20] The Department denied Jahner's application under its 1915(i) Policy because he committed numerous direct bearing offenses under N.D. Admin.

Code § 75-02-05-11(2) and was not sufficiently rehabilitated. The Department's 1915(i) Policy complies with N.D. Admin. Code § 75-02-05. Its order affirming the denial of Jahner's application was in accordance with the law. The Department's findings of fact are supported by a preponderance of the evidence, and its conclusions of law are supported by its findings of fact. We reverse the district court's judgment and reinstate the Department's order.

IV

[¶21] We have considered the parties' remaining arguments and conclude they are either without merit or not necessary to our opinion. The judgment is reversed.

[¶22] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
William A. Neumann, S.J.

[¶23] The Honorable William A. Neumann, S.J., sitting in place of Bahr, J., disqualified.