2003 ND 201

**Michael O. DuPAUL, Petitioner and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.**

**No. 20030173.**

Supreme Court of North Dakota.

Dec. 23, 2003.

Rehearing Denied Feb. 2, 2004.

Michael O. DuPaul, pro se, Minot, petitioner and appellant.

Andrew Moraghan, Assistant Attorney General, Bismarck, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Michael O. DuPaul appeals the district court's dismissal of his administrative appeal of a Department of Transportation order. The district court found it lacked subject-matter jurisdiction because DuPaul failed to properly perfect his appeal under the statutory requirements of N.D.C.C. § 28–32–42. We affirm.

[¶ 2] DuPaul was arrested for driving under the influence on August 3, 2002. DuPaul's blood-alcohol content was above the legal limit. After the Department of Transportation ("Department") notified DuPaul it intended to suspend his driving privileges, he requested an administrative hearing. At the August 29, 2002, hearing, DuPaul's driving privileges were suspended for one year. DuPaul responded to the Department regarding the suspension in letters that were received by the Department on September 5, 2002, and September 12, 2002. In his September 12, 2002, letter, DuPaul requested "first of all a reopening of the admin[istrative] hearing . . . as a second choice an appeal to District Court or whatever." The hearing officer then informed DuPaul that the Department concluded he had intended to request reconsideration. The Department also informed DuPaul of the proper procedure for reconsideration. DuPaul complied with the proper procedure for reconsideration.

[¶ 3] A hearing officer denied the petition for reconsideration on October 8, 2002. On October 30, 2002, DuPaul mailed a letter to the Ward County Clerk of Court. He appears to have requested the name of the judge assigned to his appeal, and he filed an apparent motion for court-appointed counsel and a stay of the suspension of his driving privileges. DuPaul asserted he filed an appeal, by United States mail, on August 31, 2002. DuPaul sent several more letters and motions to the Clerk of Court, often requesting information about the status of his administrative appeal. On December 13, 2002, the district court waived DuPaul's filing fees for the appeal and sent a copy of the order to the Department. The Department alleges that order was the first document related to DuPaul's

administrative matter it had received since the October 8, 2002, decision. DuPaul sent additional motions and letters to the district court. The Department asserts it did not receive those documents. DuPaul submitted a motion, letter, and brief to the district court and the Department on February 19, 2003, requesting relief because the Department had not responded to DuPaul's previous motions. The Department then moved to dismiss DuPaul's appeal due to the district court's lack of subject-matter jurisdiction. DuPaul's appeal was dismissed April 14, 2003. DuPaul appeals that dismissal to this Court.

[¶ 4] DuPaul argues his letters, dated September 5, 2002, and September 12, 2002, properly perfected his appeal because he requested "first of all a reopening of the admin[istrative] hearing ... as a second choice an appeal to the District Court or whatever." Essentially, DuPaul argues he is permitted to simultaneously file an appeal with the district court and file a petition for reconsideration of the Department's administrative ruling. We disagree.

[¶ 5] A district court exercises appellate jurisdiction conferred upon it by statute over appeals from administrative agency decisions. *Wagner v. North Dakota Bd. of Barber Examiners*, 186 N.W.2d 570, 572 (N.D.1971). The appellant must meet the statutory requirements for perfecting the appeal before the district court has subject-matter jurisdiction over the appeal. *Pederson v. N.D. Workers Comp. Bureau*, 534 N.W.2d 809, 810 (N.D.1995). A district court has subject-matter jurisdiction only if, " 'the particular issue to be determined [has been] properly brought before the court in the particular proceed-

ing.' " *Trottier v. Bird*, 2001 ND 177, ¶ 6, 635 N.W.2d 157 (quoting *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 11, 580 N.W.2d 583). If a district court does not have subject-matter jurisdiction, it is compelled to dismiss the action.[1] N.D.R.Civ.P. 12(h)(3).

[¶ 6] A motorist may challenge an administrative ruling in one of two ways. The decision may be immediately appealed to a district court, under N.D.C.C. § 39–20–06. In the alternative, the motorist may file a petition for reconsideration with the Department under N.D.C.C. § 28–32–40(1). If the motorist files a petition for reconsideration, and such reconsideration is denied, the motorist may then appeal that ruling to the district court within thirty days after receiving notice of denial, under N.D.C.C. § 28–32–42(1).

[¶ 7] After the Department received DuPaul's September 12, 2002, letter, the hearing officer sent notification to DuPaul informing him the Department had concluded DuPaul intended to request reconsideration under N.D.C.C. § 28–32–40(1). The hearing officer's notification also provided instructions regarding the reconsideration process. DuPaul did not correct the Department upon receipt of the notification of its interpretation of his request. DuPaul then participated in the reconsideration process. Upon receipt of the order denying reconsideration, DuPaul had thirty days to appeal the decision to the district court. *See* N.D.C.C. § 28–32–42(1). DuPaul failed to do so.

[¶ 8] While DuPaul did contact the district court on October 30, 2002, this correspondence was not served on the Depart-

---

1. "[A] dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) is not an adjudication on the merits of the cause of action but only a determination of a court's jurisdic-

tion to hear and decide the dispute. *See* N.D.R.Civ.P. 41(b)." *Trottier v. Bird*, 2001 ND 177, ¶ 6, n. 1, 635 N.W.2d 157.

ment. Even if DuPaul's October 30, 2002, correspondence could be considered notice of his appeal to the district court, the Department must also be given notice of such appeal before it is perfected. *See* N.D.C.C. § 28–32–42(4).

[¶ 9] DuPaul's September 12, 2002, letter does not appear to request both reconsideration of the hearing officer's decision and an appeal to the district court. In fact, DuPaul requested an appeal "as a second choice" to reconsideration. DuPaul then continued with the reconsideration process after receiving the Department's clarifying letter. Even if DuPaul could successfully argue he requested both reconsideration and an appeal in his one document, there is nothing within our statutory scheme allowing a motorist to simultaneously request reconsideration and appeal the decision to the district court. There is also no prior case law indicating this type of action properly perfects an appeal to the district court.

[¶ 10] The district court properly dismissed DuPaul's appeal for lack of subject-matter jurisdiction. We have considered the other issues DuPaul raised on appeal and find them without merit. Accordingly, we affirm.

[¶ 11] GERALD W. VANDE WALLE, C.J., GORDON O. HOBERG, S.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 12] The Honorable GORDON O. HOBERG, Surrogate Judge, sitting in place of KAPSNER, J., disqualified.