*2014 ND 232*

**Nathaniel W. DEETH, Petitioner and Appellee**

v.

**DIRECTOR, NORTH DAKOTA DE-PARTMENT OF TRANSPORTA-TION, Respondent and Appellant.**

**No. 20140161.**

Supreme Court of North Dakota.

Dec. 18, 2014.

Lloyd C. Suhr, Bismarck, N.D., for petitioner and appellee.

Douglas B. Anderson, Office of Attorney General, Bismarck, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1] The Department of Transportation appeals from a district court judgment reversing a hearing officer's decision revoking Nathaniel Deeth's driving privileges for 180 days for refusing the blood test after being arrested for being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. Concluding the district court erred in holding the hearing officer's findings of fact are not supported by a preponderance of the evidence, we reverse the district court's judgment and reinstate the hearing officer's decision revoking Deeth's driving privileges for a period of 180 days.

I

[¶ 2] After he was found lying in the backseat of a vehicle parked at a rest area outside of Bismarck, Deeth was arrested for being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. Deeth requested an administrative hearing on the revocation of his driving privileges for refusing to submit to testing to determine his alcohol concentration after arrest. Because Deeth was unable to appear at the initial hearing in person, by telephone, or through counsel, the Department granted his request for rehearing.

[¶ 3] At the hearing, a North Dakota Highway Patrol officer testified that in August 2013, the patrol received a report from the Department of Transportation about a vehicle that had been parked in the parking lot of a rest area on Interstate 94 near Bismarck for approximately three days. The officer testified that upon arriving at the scene, he approached the vehicle, which was not running. He observed Deeth lying awake in the backseat with the vehicle doors open. The officer testified that when he questioned Deeth about his reason for parking at the rest area for an extended period, Deeth claimed his vehicle's battery was dead and he planned to sleep in his vehicle for the evening.

[¶ 4] The officer testified that while speaking with Deeth, he detected the strong odor of alcohol and noticed numerous open bottles of what appeared to be alcoholic beverages in the vehicle. He testified he also noticed Deeth's speech was slurred and his eyes were bloodshot and glossy. The officer testified that after he asked Deeth for his driver's license and ignition keys, Deeth got out of the backseat of the vehicle and began searching for his license and keys from the driver's side door. The officer testified Deeth was able to locate only his driver's license. The officer testified he asked Deeth to submit to a series of field sobriety tests and Deeth failed the horizontal gaze nystagmus, alphabet, backwards count, and partial alphabet tests. The officer testified Deeth also submitted to the Alco–Sensor FST onsite screening test, which revealed a blood alcohol concentration of .301. Deeth was placed under arrest for actual physical control of a motor vehicle while under the influence of alcohol. After the implied consent advisory, he refused to submit to a blood test.

[¶ 5] The officer testified that after arresting Deeth, he conducted a brief search of the vehicle for the ignition keys but was unable to locate them because of the number of personal items in the vehicle. He testified he then contacted a towing service

to remove Deeth's vehicle from the rest area. He testified he had no evidence concerning whether the vehicle's battery was dead or whether Deeth had the ability to manipulate the vehicle's controls without the ignition keys.

[¶ 6] Concluding that reasonable grounds existed to believe Deeth was in actual physical control of a vehicle while under the influence of intoxicating liquor and finding that after Deeth was placed under arrest he refused to submit to testing to determine his alcohol concentration, the hearing officer ordered Deeth's license to be revoked for 180 days. In doing so, the hearing officer made factual findings regarding the operability of Deeth's vehicle to support her ultimate conclusion that there were reasonable grounds to believe Deeth was in actual physical control of his vehicle while under the influence of intoxicating liquor. First, the hearing officer found Deeth's vehicle battery was dead at the time Deeth was found lying in the backseat of the vehicle. The hearing officer also found that after a brief search, the ignition keys were not located in the vehicle or on Deeth. Although the hearing officer did not explicitly find Deeth had the ability to manipulate the controls of his vehicle, she noted the existence and availability of "several businesses in the Bismarck area that provide 24–hour emergency services for vehicles." On the basis of these findings, the hearing officer revoked Deeth's driving privileges for 180 days. Deeth petitioned for reconsideration, which the hearing officer denied. Deeth then appealed to the district court from the hearing officer's denial of his petition for reconsideration.

[¶ 7] On appeal, the district court reversed the hearing officer's decision and reinstated Deeth's driving privileges, concluding the hearing officer's findings of fact were not supported by a preponderance of the evidence:

> The hearing officer's Findings of Fact do not address the issue of manipulation of controls of the vehicle. Her Conclusions of Law likewise do not address [whether Deeth could have manipulated the controls of the vehicle] other than the conclusion that the presence of the ignition key is not essential to the determination of reasonable grounds to believe a person is in actual physical control of a vehicle. The hearing officer's Finding of Fact that businesses in the area could have provided booster or jumper services to [Deeth] are not supported by any evidence in the record. . . .
>
> . . . In this case, the Court finds that the hearing officer's Findings of Fact are not supported by the record. There is no evidence in the record of jump starting services available to the appellant. There is no evidence of the volume of traffic in the area nor whether any of the occupants of said traffic could or would provide aid to the appellant. More important, the evidence is that the appellant could not have manipulated the controls of the car because the battery was dead and because the ignition key could not be found.

Accordingly, the district court reversed the hearing officer's decision and reinstated Deeth's driving privileges. The Department appealed.

[¶ 8] Deeth properly requested an administrative hearing under N.D.C.C. § 39–20–05. The Department had jurisdiction under N.D.C.C. § 39–20–05. Deeth's notice of appeal from the Department's decision to the district court was timely under N.D.C.C. § 39–20–06. *See DuPaul v. N.D. Dep't of Transp.*, 2003 ND 201, ¶ 6, 672 N.W.2d 680 (motorist may appeal an administrative ruling under either

N.D.C.C. § 39–20–06 or, if a petition for reconsideration was filed under N.D.C.C. § 28–32–40(1) and was denied, under N.D.C.C. § 28–32–42(1)). The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 39–20–06. The Department filed a timely notice of appeal from the district court judgment under N.D.C.C. § 28–32–42. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

## II

[¶ 9] The central issue in this appeal is whether the evidence supports the hearing officer's determination that there were reasonable grounds to believe Deeth was in actual physical control of his vehicle while under the influence of intoxicating liquor.

[¶ 10] We review an administrative revocation of a driver's license under N.D.C.C. § 28–32–46. *Vanlishout v. N.D. Dep't of Transp.*, 2011 ND 138, ¶ 12, 799 N.W.2d 397. We affirm the hearing officer's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

*Id.* It is well established that we must afford "great deference" to the factual determinations made by an agency when reviewing the agency's findings of fact. *Haynes v. Dir., Dep't of Transp.*, 2014 ND 161, ¶ 6, 851 N.W.2d 172 (citing *Wampler v. N.D. Dep't of Transp.*, 2014 ND 24, ¶ 6, 842 N.W.2d 877). Rather than making independent findings of fact, or substituting our judgment for that of the agency, our review is confined to determining whether " 'a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.' " *Vanlishout*, at ¶ 12 (quoting *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979)). Although this Court's review is limited to the record before the administrative agency, "the district court's analysis is entitled to respect if its reasoning is sound." *Obrigewitch v. Dir., N.D. Dep't of Transp.*, 2002 ND 177, ¶ 7, 653 N.W.2d 73. "An agency's conclusions on questions of law are subject to full review." *Vanlishout*, at ¶ 12 (citing *Huff v. Bd. of Med. Examiners*, 2004 ND 225, ¶ 8, 690 N.W.2d 221).

[¶ 11] "A motorist may challenge an administrative ruling in one of two ways." *DuPaul v. N.D. Dep't of Transp.*, 2003 ND 201; ¶ 6, 672 N.W.2d 680. The administrative ruling may be immediately appealed to a district court, under N.D.C.C. § 39–20–06. In the alternative, the motorist may file a petition for reconsideration with the Department under N.D.C.C. § 28–32–40(1). "If the motorist files a petition for

reconsideration, and such reconsideration is denied, the motorist may then appeal that ruling to the district court within thirty days after receiving notice of denial, under N.D.C.C. § 28–32–42(1)." *Id.* Under N.D.C.C. § 28–32–49, any party to the action, including the agency, may appeal the final judgment of the district court to the supreme court within sixty days after receiving notice of entry of judgment. We review appeals from the final judgment of a district court in the same manner as provided for in N.D.C.C. § 28–32–46 or N.D.C.C. § 28–32–47.

[¶ 12] The parties and the district court appear to analyze this case as if Deeth's license was revoked for his being found in actual physical control of his vehicle while under the influence of intoxicating liquor. The discussion focuses on whether the charge of actual physical control was proven by a preponderance of the evidence. But Deeth's license was not revoked for actual physical control. It was revoked for his refusing a blood test after having been arrested for actual physical control. The revocation here under N.D.C.C. § 39–20–05(3) does not turn on proving actual physical control but on establishing whether (1) *there were reasonable grounds to believe* Deeth was in actual physical control of a motor vehicle while under the influence of intoxicating liquor, (2) he was arrested, and (3) he refused to submit to the test. There is no dispute he was arrested. There is no dispute he refused the test. "Reasonable grounds" to believe an offense has been committed is synonymous with "probable cause." *Moser v. N.D. Highway Comm'r,* 369 N.W.2d 650, 652–53 (N.D.1985). "Knowledge of facts sufficient to establish guilt is not necessary to establish probable cause." *Hoover v. Dir., N.D. Dep't of Transp.,* 2008 ND 87, ¶ 9, 748 N.W.2d 730.

[¶ 13] "The essential elements of actual physical control are: (1) the defendant is in actual physical control of a motor vehicle on a highway or upon public or private areas to which the public has a right of access; and (2) the defendant was under the influence of intoxicating liquor, drugs or other substances." *Hawes v. N.D. Dep't of Transp.,* 2007 ND 177, ¶ 5, 741 N.W.2d 202. Undisputed are the hearing officer's findings that Deeth was found alone in his vehicle in a public place, smelling of alcohol with slurred speech and bloodshot, glossy eyes, was surrounded by alcoholic beverage containers, and admitted drinking a lot. Also undisputed is the hearing officer's finding that Deeth looked for the keys but said he could not find them. We conclude that these undisputed facts established probable cause to believe Deeth was in actual physical control of his vehicle while under the influence of intoxicating liquor. When, as here, the revocation was for refusal to submit to a blood test, it is not necessary that actual physical control be proven at the hearing, only that the facts establish probable cause to believe the offense has been committed.

[¶ 14] Even if we were to agree with Deeth and the district court that the offense of actual physical control was not proved by a preponderance of the evidence at the administrative hearing, it would not make any difference. The undisputed facts found by the hearing officer support her conclusion of law that the officer had reasonable grounds to believe Deeth was in actual physical control while under the influence of intoxicating liquor, he was arrested, and he refused the blood test.

### III

[¶ 15] We therefore reverse the district court judgment and reinstate the decision of the hearing officer revoking Deeth's driving privileges for a period of 180 days.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, CAROL RONNING KAPSNER, JJ., concur.