2016 ND 245

**Kristin Marie JONES, Appellee**

v.

**Grant LEVI, Director, Department of Transportation, Appellant**

**No. 20160216**

Supreme Court of North Dakota.

Filed 12/20/2016

Luke T. Heck, Fargo, ND, for appellee.

Andrew Moraghan, Office of Attorney General, Bismarck, ND, for appellant.

Crothers, Justice.

[¶ 1] The Department of Transportation appeals a judgment reversing the Department's decision to suspend Kristin Jones' driving privileges for 180 days. The Department argues the district court erred by reversing the hearing officer's decision on grounds not identified in her specifications of error. Because the basis for the district court's decision was not raised in the administrative hearing, we reverse the judgment and reinstate the administrative decision.

I

[¶ 2] West Fargo Police Officer Benjamin Orr arrested Kristin Jones for driving under the influence. At the administrative hearing Orr testified Jones agreed to submit to a blood draw. Orr transported Jones to Essentia Hospital for the blood draw. Following the blood draw Orr mailed the blood sample to the toxicology lab. Orr filled out the Report and Notice form except the portion stating the results of the blood test. Orr signed and dated the Report and Notice form. Orr testified he believed another officer, Lieutenant Duane Sall, received the toxicology lab results and filled out the remaining portion of the Report and Notice form. Specifically, Sall recorded the test results on the form, completed the certificate of mailing/issuance and mailed out the Report and Notice form.

[¶ 3] The hearing officer suspended Jones' driver's license for 180 days concluding it was "acceptable for Officer Orr to delegate portions of the mailing process to other staff within his office." Jones appealed to the district court arguing the hearing officer erred in finding Orr satisfied the requirements of N.D.C.C. § 39–20–03.1 and the Report and Notice form was deficient. Jones further requested attorney's fees and costs. The district court reversed the hearing officer's decision that the arresting officer was not required under N.D.C.C. § 39–20–05(4) [1] to personally mail the Report and Notice form to the Department. The district court denied Jones' request for attorney's fees and costs. *Id.* The Department appeals.

II

[¶ 4] This Court reviews an administrative revocation of a driver's license

---

1. The district court's order cites N.D.C.C. § 39–20–05(4), however, this statute does not refer to the requirement of personally mailing the Report and Notice form to the Department. N.D.C.C. § 39–20–03.1(4) is the statute that refers to this requirement.

under N.D.C.C. § 28–32–46. *Deeth v. Director, North Dakota Dept. of Transp.*, 2014 ND 232, ¶ 10, 857 N.W.2d 86. We affirm the hearing officer's decision unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46. The district court sits as the first appellate court. "Although this Court's review is limited to the record before the administrative agency, 'the district court's analysis is entitled to respect if its reasoning is sound.' " *Deeth*, 2014 ND 232, ¶ 10, 857 N.W.2d 86 (quoting *Obrigewitch v. Dir., N.D. Dep't of Trans.*, 2002 ND 177, ¶ 7, 653 N.W.2d 73). "An agency's conclusions on questions of law are subject to full review." *Id.* (quoting *Vanlishout v. N.D. Dep't of Transp.*, 2011 ND 138, ¶ 12, 799 N.W.2d 397) (internal citations and quotation marks omitted).

III

[¶ 5] The Department claims Jones failed to argue at the administrative hearing that it was contrary to N.D.C.C. ch. 39-20 for Sall, rather than arresting Officer Orr, to personally forward the Report and Notice form to the Department. Courts have limited authority to review administrative agency decisions:

"The right to appeal is governed solely by statute, *Interest of K.J.*, 2010 ND 46, ¶ 14, 779 N.W.2d 635, and an appellant must meet the statutory requirements for perfecting an administrative appeal for a district court to obtain subject matter jurisdiction over the appeal. *Geffre v. North Dakota Dep't of Health*, 2011 ND 45, ¶ 9, 795 N.W.2d 681. We are mindful that an appeal from an administrative agency to the district court invokes that court's appellate jurisdiction, *Lewis v. North Dakota Workers Comp. Bureau*, 2000 ND 77, ¶ 8, 609 N.W.2d 445, and that appeals from an administrative agency involve issues of separation of powers of the three branches of government. *See Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220–21 (N.D.1979); N.D. Const. art. XI, § 26. *Meier v. North Dakota Dep't of Human Servs.*, 2012 ND 134, ¶ 4, 818 N.W.2d 774."

*Daniels v. Ziegler*, 2013 ND 157, ¶ 6, 835 N.W.2d 852 (internal quotation marks omitted).

[¶ 6] The scope of appeal is limited to issues raised in the administrative proceeding. *See Bjerklie v. Workforce Safety and Insurance*, 2005 ND 178, ¶ 6, 704 N.W.2d 818 ("This Court has repeatedly said it will not review an issue that was not properly raised by a party at the administrative level. *Unser v. N.D. Workers Comp. Bureau*, 1999 ND 129, ¶ 8, 598 N.W.2d 89.")

[¶ 7] At the administrative hearing, the only objection to admission of the Report and Notice was made on foundational grounds, stating:

"Yes, I'm going to object to Exhibit 1b, Exhibit 1c, Exhibit 1d, Exhibit 1e, Exhibit 1f, and Exhibit 1g for a number of grounds. First and foremost, I object to Exhibit 1b, because Officer Orr indicated that Lieutenant Sall filled out a portion including the blood test results, as well as the personal certification that he had mailed the temporary operator's permit to Ms. Jones. Mr. Sall or Officer Sall ... Lieutenant Sall, excuse me, is not present at this hearing to testify to the same. Furthermore, Exhibit 1c and other corresponding documents, specifically the test results that can be found on Exhibit 1, let's see here, d, e, f, and I believe g, Officer Orr testified that he did not personally receive or observe those results and that Lieutenant Sall did. Therefore, there's no evidence that and foundation that those would be admissible without Lieutenant Sall verifying that those are accurate. For those reasons, I am objecting to the submission of those documents."

[¶ 8] In closing argument Jones argued the Report and Notice form was deficient, stating:

"the Report and Notice Form as well as the test results were not filled out by Officer [Orr]. In fact, the test results were filled out by Lieutenant Sall as was the indication that he had mailed the Report and Notice Form to Ms. Jones. Based on that the Report and Notice is deficient and should not ... have been admitted and the matter must be dismissed."

[¶ 9] The hearing officer overruled the objection, stating:

"All right. There is some case law that we have that allows the admission of the Report and Notice without the testimony of the person that mailed it and I'm trying to think of the name of the case. Is it Frost? The testimony was sufficient to authenticate the exhibit. So the objections are overruled. Exhibit 1 is admitted into evidence.

[¶ 10] The transcript shows Jones' objection at the administrative hearing was that the Report and Notice lacked sufficient authentication for admission into evidence. The hearing officer overruled the objection by concluding Exhibit 1 was sufficiently authenticated. Consistent with the objection at the administrative hearing, Jones' specifications of error on appeal was that Officer Orr could not provide testimony or foundational evidence for the Report and Notice (and other documents) because Lieutenant Sall filled in that information.

[¶ 11] The district court's reversal of the Department's decision was not because Exhibit 1 lacked authentication. Nor was the lack of sufficient foundation for admission of Exhibit 1 a specifications of error. Because the basis for the district court's decision was not raised in the administrative hearing, we reverse the judgment and reinstate the administrative decision.

## IV

[¶ 12] Jones requests attorney's fees and costs under N.D.C.C. § 28–32–50(1), which states:

"In any civil judicial proceeding involving as adverse parties an administrative agency and a party not an administrative agency or an agent of an administrative agency, the court must award the party not an administrative agency reasonable attorney's fees and costs if the court finds in favor of that party, and in the case of a final agency order, determines that the administrative agency acted without substantial justification."

This Court has not ruled in Jones' favor, and we deny Jones' request for attorney's fees and costs.

## V

[¶ 13] We reverse the judgment and reinstate the administrative decision because the basis for the district court's decision was not raised in the administrative hearing.

[¶ 14] Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, concurring specially.

[¶ 15] I agree with the majority that the basis for a district court decision reversing an administrative agency order must have been properly raised by a party at the administrative level.

[¶ 16] I write separately to note that a party appealing to the district court from an administrative agency's order to suspend driving privileges must file specifications of error that "identify what matters are truly at issue with sufficient specificity to fairly apprise the agency, other parties, and the court of the particular errors claimed." *Vetter v. N.D. Workers Comp. Bureau*, 554 N.W.2d 451, 454 (N.D.1996). General or imprecise specifications of error are insufficient. *Dettler v. Sprynczynatyk*, 2004 ND 54, ¶ 15, 676 N.W.2d 799. Review on appeal is limited to those issues identified with particularity in the specification of error. *Johnson v. N.D. Workforce Safety & Ins.*, 2010 ND 198, ¶ 16, 789 N.W.2d 565. This recognizes the constitutional separation of powers under N.D. Const. art. XI, § 26, and the limitation of appellate jurisdiction under N.D. Const.

art. VI, §§ 6 and 8, and N.D.C.C. § 39–20–06.

[¶ 17] This appeal fails on both grounds. Not only was the basis for the district court reversing not raised at the administrative level, it was also not one of the specifications of error identified in the appeal to the district court.

[¶ 18] Dale V. Sandstrom